In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-03-142 CV


____________________



IN RE DONNELL JAMES ELAM






Original Proceeding






MEMORANDUM OPINION (1)


 On March 18, 2003, Donnell James Elam filed a petition for writ of mandamus. 
The relator seeks an order to compel the Honorable Charles Carver, Judge of the Criminal
District Court of Jefferson County, Texas, to try or to dismiss his criminal case. 

 In order to determine whether the relator is entitled to the relief sought, we must
first determine the nature of the proceedings before the trial court. Elam filed a pro se
motion for leave to file an original petition for writ of habeas corpus with the Court of
Criminal Appeals, together with a petition for writ of habeas corpus that alleges that he is
being confined in violation of his constitutional right to a speedy trial. On January 10,
2003, the trial court signed an order that directed the clerk to docket the petition and
forward it with a copy of the record to the Court of Criminal Appeals, presumably because
Elam's motion asked that the writ be filed with that court.

 We may grant mandamus relief if relator demonstrates that the act sought to be
compelled is purely ministerial under the relevant facts and law, and that relator has no other
adequate legal remedy. State ex. rel. Hill v. Court of Appeals for the Fifth District, 34
S.W.3d 924, 927 (Tex. Crim. App. 2001). An act is "ministerial" if it does not involve the
exercise of any discretion or the relator's entitlement to the relief sought is clear and
indisputable such that its merits are beyond dispute. Id. at 927-28. The act of considering
a motion, such as an application for a writ of habeas corpus, is ministerial. In re Bates, 65
S.W.3d 133, 134-35 (Tex. App.--Amarillo 2001, orig. proceeding). The ruling on the writ
of habeas corpus, on the other hand, is not subject to review by mandamus. See Smith v.
Gohmert, 962 S.W.2d 590, 593 (Tex. Crim. App. 1998). In this case, the relator has not
shown that the trial court refused to consider a duly filed and presented motion.

 The petition for writ of mandamus is therefore denied.

 WRIT DENIED.

 PER CURIAM

Opinion Delivered March 20, 2003

Before McKeithen, C.J., Burgess and Gaultney, JJ.
1. Tex. R. App. P. 47.4.