NO. 12-06-00011-CV
IN THE COURT OF APPEALS
TWELFTH COURT OF APPEALS DISTRICT
TYLER, TEXAS
§

IN RE: FERRELL SCOTT, JR.,                       §     ORIGINAL PROCEEDING
RELATOR
§





MEMORANDUM OPINION
            In this original proceeding, Ferrell Scott, Jr. seeks a writ of mandamus against the trial court
for its failure to act on Scott’s “Motion Requesting Forensic (DNA) Testing and Appointment of
Counsel” filed pursuant to Article 64 of the Texas Code of Criminal Procedure. We deny Scott’s
petition.
            In a criminal case, mandamus relief is authorized only if the relator establishes that (1) he has
no other adequate legal remedy and (2) under the facts and the law, the act sought to be compelled
is purely ministerial. State ex rel. Hill v. Fifth Court of Appeals, 34 S.W.3d 924, 927 (Tex. Crim.
App. 2001). Where, as here, a relator alleges that a trial court has failed to perform a ministerial act,
he must show (1) a legal duty to perform; (2) a demand for performance; and (3) a refusal to act. 
O’Connor v. First Court of Appeals, 837 S.W.2d 94, 97 (Tex. 1992). A trial court is not required
to consider a motion not called to its attention. See Metzger v. Sebek, 892 S.W.2d 20, 49 (Tex.
App.–Houston [1st Dist.] 1994, writ denied); see also Tex. R. App. P. 33.1. “Indeed, one can hardly
be faulted for doing nothing if he were never aware of the need to act.” In re Chavez, 62 S.W.3d
225, 227 (Tex. App.–Amarillo 2001, orig. proceeding). 
            In the instant proceeding, Scott has provided a copy of the letter transmitting his motion to
the district clerk. However, nothing appears in the record showing that the trial court had notice of
the motion. To be entitled to mandamus relief, it is incumbent upon Scott to illustrate that the trial
court had notice of the motion. Id. at 228. Merely filing a document with the district clerk does not
impute the clerk’s knowledge of the filing to the trial court. Id. at 229. Scott has not met this
burden, and therefore we cannot say that the trial court abused its discretion in allegedly failing to
act on the motion. See id. at 228. According, Scott’s petition for writ of mandamus is denied.
 

                                                                                                     SAM GRIFFITH 
                                                                                                                Justice

Opinion delivered January 25, 2006.
Panel consisted of Worthen, C.J. and Griffith, J. 
DeVasto, J., not participating.
















(PUBLISH)