COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS








IN RE: JAIME LUEVANO,


 Relator.
§


 


§


 


§


 


§


 


§


 


 § 






No. 08-07-00349-CR


AN ORIGINAL PROCEEDING


IN MANDAMUS

MEMORANDUM OPINION ON PETITION FOR WRIT OF MANDAMUS


 Relator, Jaime Luevano, seeks a writ of mandamus to compel Gilbert Sanchez, District Clerk,
to file and the Honorable Maria Salas-Mendoza, Judge of the 120th Judicial District Court, to rule
on his motions. Luevano also contends he has the right to compel production to know who was in
court, the transcripts, or any attorneys who were present in the making of his indictment.

 In order to obtain relief through a writ of mandamus, a relator must establish: (1) no other
adequate remedy at law is available and (2) that the act he seeks to compel is ministerial. State ex
rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana, 236 S.W.3d 207, 210 (Tex. Crim.
App. 2007). An act is ministerial if it does not involve the exercise of any discretion. State ex rel.
Hill v. Court of Appeals for the Fifth District, 34 S.W.3d 924, 927 (Tex. Crim. App. 2001).

 Furthermore, this Court has the authority to issue a writ of mandamus in two instances: (1)
when necessary to enforce the court's jurisdiction or (2) against a judge of a district or county court
in the court of appeals district; or a judge of a district court acting as a magistrate at a court of inquiry
in the court of appeals district. See Tex. Gov't Code Ann. § 22.221(a) & (b) (Vernon 2004). 
Luevano is seeking a writ of mandamus against District Clerk, Gilbert Sanchez. Because Sanchez
is not a proper party to which mandamus relief may be brought, we dismiss Luevano's petition for
writ of mandamus against Gilbert Sanchez, District Clerk for lack of jurisdiction.

 In addition, attached to his petition for writ of mandamus Luevano provided copies of two
un-filed motions: (1) Motion to Access Information from Law Library of 12th Floor County
Courthouse and (2) Motion for Disclosure of Juror's Names and Transcripts. Luevano has not
demonstrated to this Court that Judge Salas-Mendoza is aware of, and has refused to rule on, his
motions. See Barnes v. State, 832 S.W.2d 424, 426 (Tex. App.--Houston [1st. Dist.] 1992, orig.
proceeding). Further, even if Luevano had made such showing, he has failed to demonstrate he is
entitled to mandamus relief because he is presently represented by counsel. A defendant is not
entitled to hybrid representation and a "trial court is free to disregard any pro se motions presented
by a defendant who is represented by counsel." Robinson v. State, No. PD-1369-05, 2007 WL
4146639, at *2 (Tex. Crim. App. Nov. 21, 2007). Lastly, Luevano has also failed to demonstrate he
is entitled to mandamus relief to compel production to know who was in court, the transcripts, or any
attorneys who were present in the making of his indictment. See Tex. R. App. P. 52.8. Accordingly,
Luevano's mandamus petition is dismissed for want of jurisdiction as to the district clerk and relief
is denied as to the trial court.


 KENNETH R. CARR, Justice


January 10, 2008


Before Chew, C.J., McClure, and Carr, JJ.


(Do Not Publish)