34 S.W.3d 924 (2001)
STATE of Texas, ex rel. Bill HILL, Relator,
v.
COURT OF APPEALS FOR THE FIFTH DISTRICT, Respondent.
No. 73,938.
Court of Criminal Appeals of Texas.
January 10, 2001.
*925 Karen Nelson, Asst. DA, Dallas, for Relator.
Court of Appeals for the Fifth District, for Respondent.

*926 OPINION

MEYERS, J., delivered the unanimous opinion of the Court.
The Fifth Court of Appeals granted mandamus relief to the real party in interest, David Beck, on the ground that Texas Code of Criminal Procedure article 44.04(b), as applied in this case, is unconstitutional. In re Beck, 26 S.W.3d 553, 555-56 (Tex.App.-Dallas 2000). Relator brought this mandamus action contesting the Court of Appeals' issuance of the writ of mandamus. We hold the Court of Appeals abused its discretion in granting mandamus relief.
Beck was convicted by a jury of sexual assault of a child, an offense enumerated under Code of Criminal Procedure article 42.12 sec. 3g(a)(1) ("a 3g offense"). The jury sentenced Beck to ten years imprisonment, but recommended that the sentence be suspended and Beck be placed on community supervision. The trial court entered judgment on the jury's recommendation and placed Beck on community supervision. Beck filed a notice of appeal. The trial court originally released Beck from confinement on bond pending appeal. Beck was subsequently incarcerated on allegations that he violated the terms of his community supervision. The trial court concluded Beck could not be prosecuted for violating probation while his appeal was pending. Because Beck had been convicted of a 3g offense, the trial court then concluded he was not eligible for release on appeal bond under the terms of article 44.04(b). Beck challenged that determination by the trial court by seeking relief pursuant to a writ of mandamus in the Court of Appeals.
Article 44.04(b) provides that a defendant may not be released on bond pending an appeal from a felony conviction if he has been sentenced to ten or more years of confinement or if he has been convicted of a 3g offense. Rather, such defendants "shall immediately be placed in custody and the bail discharged." Tex.Code Crim. Proc. art. 44.04(b).
The Court of Appeals held Beck was entitled to mandamus relief from the trial court's action, upon a determination that article 44.04(b), as applied to Beck, is unconstitutional. In re Beck, 26 S.W.3d at 556. The court noted that regardless of the term of imprisonment, a defendant convicted of a 3g offense is not eligible for release on bond pending appeal. Thus, the court reasoned, when a defendant convicted of a 3g offense is awarded community supervision[1] he is placed in the position of choosing to (1) not appeal his conviction in order to avoid incarceration pending the appeal; or (2) appeal his conviction and remain incarcerated until the disposition of his appeal. Id. The Court of Appeals held this scheme could chill such defendant's decision to exercise his right to appeal. Accordingly, the Court of Appeals held Beck was entitled to relief from the trial court's action by writ of mandamus and ordered the trial court to consider the merits of Beck's application for bond pending appeal. Id.
This Court will issue a writ of mandamus ordering a court of appeals to rescind its own writ of mandamus if the relator can demonstrate before this Court that: (1) he has no other adequate remedy at law; and (2) under the relevant law and facts, the court of appeals clearly abused its discretion in issuing the writ. Lanford v. Fourteenth Court of Appeals, 847 S.W.2d 581, 585-86 (Tex.Crim.App.1993)(citing Ater v. Eighth Court of Appeals, 802 S.W.2d 241, 243 (Tex.Crim.App.1991) and Dickens v. Court of Appeals Second, 727 S.W.2d 542, 549-50 (Tex.Crim.App.1987)). The only remedy from an adverse ruling in an original mandamus proceeding in the court of appeals *927 is by way of writ of mandamus to this Court. Ater, 802 S.W.2d at 243 (because discretionary review not available for redress from mandamus action by court of appeals, mandamus is only available relief, citing Jacolos v. State, 692 S.W.2d 724 (Tex.Crim.App.1985)). Thus, Relator satisfies the requirement that he have no other adequate remedy at law.
A court of appeals abuses its discretion in granting a writ of mandamus if the relator fails to demonstrate in the court of appeals that (1) he has no other adequate legal remedy; and (2) under the relevant facts and law, the act sought to be compelled is purely ministerial. Dickens, 727 S.W.2d at 550. The Court of Appeals abused its discretion in issuing the writ in this case because the act sought to be compelled was not ministerial.[2]
An act is "ministerial" if it does not involve the exercise of any discretion:
[A] "ministerial" act is one which is accomplished without the exercise of discretion or judgment. If there is any discretion or judicial determination attendant to the act, it is not ministerial in nature. Nor is a ministerial act implicated if the trial court must weigh conflicting claims or collateral matters which require legal resolution.
Examples are helpful in making clear the distinction between ministerial and discretionary acts. Vacating an order is ministerial, as is forwarding the notice of appeal. Issuing process under the direction of a judge is ministerial. Also, issuing or executing capias after mandate has issued is ministerial in nature. Last, consideration of a motion properly filed and before the court is ministerial.
State ex rel. Curry v. Gray, 726 S.W.2d 125, 128 (Tex.Crim.App.1987) (opinion on reh'g) (citations omitted).[3]
We have also described the ministerial act requirement as a requirement that the relator have "a clear right to the relief sought." State ex rel. Rodriguez v. Marquez, 4 S.W.3d 227, 228 (Tex.Crim. App.1999); Buntion v. Harmon, 827 S.W.2d 945, 947 & 947 n. 2 (Tex.Crim.App. 1992); State ex rel. Wade v. Mays, 689 S.W.2d 893, 899 (Tex.Crim.App.1985). The relief sought must be "clear and indisputable" *928 such that its merits are "beyond dispute ." Wade, 689 S.W.2d at 897. Thus, under the ministerial act/clear legal right requirement, the law must "clearly spell[ ] out the duty to be performed ... with such certainty that nothing is left to the exercise of discretion or judgment." Id. at 899 (quoting Texas Department of Corrections v. Dalehite, 623 S.W.2d 420, 424 (Tex.Crim.App.1981), quoting Forbes v. Houston, 356 S.W.2d 709 (Tex.Civ.App.-Houston [1st Dist.] 1962)). Even a trial court's ruling on a pure question of law[4] is not subject to writ review where that law was unsettled or uncertain. Wade, 689 S.W.2d at 898-900. The act must be "positively commanded and so plainly prescribed" under the law "as to be free from doubt." Buntion, 827 S.W.2d at 949.
The Court of Appeals in the instant case held the trial court had a ministerial duty to hold article 44.04(b), as applied to Beck, unconstitutional. But such holding would require the exercise of judicial discretion, particularly in light of the fact that the constitutionality of article 44.04(b), as applied in the circumstances presented in the instant case, was an issue of first impression. Certainly where the law is equivocal or unsettled, it cannot be said there is a "clear legal right" thereunder so as to justify mandamus relief.[5] We decline to hold the trial court would be conducting a ministerial act by refusing to apply the plain language of article 44.04(b) on the ground that it is unconstitutional as applied to Beck. Whether or not the Court of Appeals is correct in its conclusions as to the constitutionality of article 44.04(b), the trial court had no ministerial duty to hold article 44.04(b) unconstitutional.[6] The Court of Appeals abused its discretion in *929 calling for mandamus relief in these circumstances. Because of our disposition today, we need not address the remainder of Relator's allegations.
It is our practice to withhold issuance of the writ and allow the court of appeals the opportunity to conform its actions to our opinion. State ex rel. Rodriguez v. Marquez, 4 S.W.3d 227, 228 (Tex. Crim.App.1999); Lanford, 847 S.W.2d at 588; Ater, 802 S.W.2d at 243. Only if such action is not taken, will the writ of mandamus issue from this Court.
NOTES
[1] Respondent did not hold the provision unconstitutional as applied to all defendants convicted of 3g offense, but only those convicted of 3g offenses and awarded community supervision. Beck, 26 S.W.3d at 555-56.
[2] Because the act to be compelled was not ministerial, the Court of Appeals did not have authority to issue the writ of mandamus. We therefore need not address the question of whether the relator proved to the Court of Appeals that he had no other adequate remedy at law.
[3] We further explained that while a trial court may not have discretion whether or not to rule on a matter before it, it cannot be compelled to rule a certain way:

Deciding how to rule after considering a motion to dismiss, however, is not a ministerial act. Determining whether to grant an application for probation is considered discretionary, and thus beyond the scope of extraordinary relief. Although the court may be compelled to consider a motion, mandamus, or prohibition is not available to require that the judge rule a certain way on that motion.
* * *
If a trial judge has jurisdiction over a particular issue, he is empowered to decide that issue in any way he has authority to do so; however, he cannot be required, by extraordinary writ of mandamus or prohibition, to decide that issue "correctly." This is one reason why extraordinary relief is not available to compel a particular outcome where deciding that outcome involves a discretionary or judicial act. The law confers the authority to decide upon the judge, and the correctness of his or her decision may not be supervised at every step by appellate courts.
Gray, 726 S.W.2d at 128. The viability of this notion of "ministerial duty" (as not including how a judge may decide an issue) has been questioned by some members of the Court, in light of Healey v. McMeans, 884 S.W.2d 772 (Tex.Crim.App.1994), discussed in footnote 5, herein. Healey, supra (Meyers, J., dissenting, joined by Clinton, Miller and Overstreet, J.J.); see also State ex rel. Hill v. Pirtle, 887 S.W.2d 921 (Tex.Crim.App.1994)(Clinton, J., dissenting)("adhering to traditional rules enunciated in" Gray); id. (Miller, J., dissenting)(viewing plurality's holding as "extreme departure from the doctrine of" Gray); id. (Meyers, J., concurring on basis that McMeans set forth new standard, different from Gray). The McMeans majority, however, did not recognize its holding as contrary to, or an expansion of, Gray.
[4] That is, where there are no disputed issues of fact. Wade, 689 S.W.2d at 898.
[5] In Gray, the Court explained that under its view of "ministerial duty," while a court may not have discretion whether or not to rule on a matter before it, it cannot be compelled to rule a certain way. Fn 3, supra. Seven years after Gray, in State ex rel. Healey v. McMeans, supra, the Court stated that an act is ministerial when the "law clearly spells out the duty to be performed with such certainty that nothing is left to the discretion or judgment." 884 S.W.2d at 774. The Court further explained that while mandamus is not a substitute for appeal, it may be used to correct judicial action "that is clearly contrary to well-settled law, whether that law is derived from statute, rule, or opinion of a court" and later emphasized that mandamus is an available remedy when judicial action has "ignore[d] clear, binding precedent from a court of superior jurisdiction." Id. Thus, while under Gray, a ministerial duty does not encompass a duty to "decide the issue correctly," Healey v. McMeans indicates a court may have a "ministerial duty" to decide the issue "correctly" if there is "clear, binding precedent" controlling the issue. We do not today decide whether Gray and McMeans are irreconcilable. Any conflict between these cases is not implicated in the instant case since mandamus relief is not appropriate under either case. That is, even under McMeans (which arguably expanded the basis upon which mandamus relief may lie, over that allowed under Gray), there was no "binding precedent from a court of superior jurisdiction" addressing the constitutionality of article 44.04(b).
[6] The Court of Appeals cited Ex parte Byers, 612 S.W.2d 534 (Tex.Crim.App.1980), in support of its holding that Beck was entitled to mandamus relief. Beck, 26 S.W.3d at 556. In Byers, the defendant was sentenced to 15 years confinement and a fine. Byers, 612 S.W.2d at 535. The trial court did not consider the defendant eligible for bail pending appeal under an erroneous reading of the controlling statute that a defendant whose punishment consisted of both confinement and a fine was not eligible for bail. We concluded that under the terms of the statute as it then provided, the trial court had a non-discretionary duty to consider bail for any defendant whose punishment was assessed at 15 years confinement (or less) and a fine. Id. at 537. Thus, the trial court had a non-discretionary duty to consider the defendant's request for bail since he was eligible for it under the controlling statute. However, the trial court had discretion whether to grant or deny the bail application on the merits. Id.

We note a couple of apparent flaws in the Court's opinion in Byers. The plain language of the provision at issue there provided that defendants who had been assessed punishment of confinement for 15 years or less were eligible for bail, but did not explicitly state whether they were eligible when they had been assessed a fine as well. The statute's previous version had explicitly referred to the assessment of a fine as well as confinement for 15 years or less. Whether by amending the provision, the legislature had intended to change the law was an unsettled question before the Court in Byers. Id. at 536. We looked to legislative history to determine that the legislature had not intended to change the law. Thus, we held the defendant was entitled to mandamus relief and ordered the trial court to consider him for bail. Id. at 537. But given that our interpretation of the statute was not settled law, this holding is inconsistent with State ex rel. Wade v. Mays, 689 S.W.2d 893 (Tex.Crim.App.1985), decided subsequent to Byers, discussed elsewhere in this opinion. Further, the Court in Byers concluded there was a clear legal right to mandamus relief, but failed to address the question of whether there was another adequate remedy at law. Both questions must be addressed before mandamus relief may issue. We disavow Byers to the extent that it conflicts with established law on these issues.