Opinion issued July 17, 2003 






 









In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-03-00705-CV

____________


IN RE EARL SILAS BINGLEY, Relator







Original Proceeding on Petition for Writ of Mandamus





 

MEMORANDUM OPINION

 Relator has filed a second petition for writ of mandamus complaining that
respondent Fourteenth Court of Appeals erroneously affirmed his 25-year sentence
for aggravated sexual assault. See Bingley v. State, No. C14-85-488-CR, slip op. at
3-4 (Tex. App.--Houston [14th Dist.] 1986, no pet.) (not designated for publication).

 We denied relator's first petition because this Court has no mandamus
jurisdiction over the Fourteenth Court of Appeals. In re Bingley, No. 01-03-00590-CV, slip op. at 1-2 (Tex. App.--Houston [1st Dist.] June 19, 2003, orig. proceeding)
(not designated for publication). See Tex. Gov't Code Ann. § 22.221 (Vernon
Supp. 2003). Mandamus jurisdiction over the courts of appeals lies only with the
Texas Court of Criminal Appeals in criminal cases. State ex rel. Hill v. Court of
Appeals for the Fifth District, 34 S.W.3d 924, 926-27 (Tex. Crim. App. 2001).

 In addition, even if we construed relator's document as a petition for writ
of habeas corpus, we have no jurisdiction over post-conviction writs of habeas corpus
in felony cases. That jurisdiction is vested exclusively in the Texas Court of Criminal
Appeals. See Board of Pardons & Paroles ex rel. Keene v. Court of Appeals for the
Eighth District, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995); Tex. Code Crim.
Proc. Ann. art. 11.07, § 3 (Vernon Supp. 2003). 

 Accordingly, the petition for writ of mandamus is denied.PER CURIAM

Panel consists of Justices Taft, Jennings, and Hanks.