In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-05-050 CV


____________________



IN RE JOE JOHNSON






Original Proceeding






MEMORANDUM OPINION (1)


 Joe Johnson is currently under indictment in Cause Nos. 9036, 9037, 9038, and
9062, in the 258th District Court of San Jacinto County. In this mandamus proceeding,
Johnson seeks to compel the trial court to remove Joanne M. Musick-Long as Assistant
District Attorney Pro Tem. The relator fails to establish he has no other adequate remedy
at law to address a ministerial duty of the trial court. See State ex rel. Hill v. Court of
Appeals for Fifth Dist., 34 S.W.3d 924, 927 (Tex. Crim. App. 2001). Accordingly, we
deny the petition.


 The elected Criminal District Attorney, Mark E. Price, is disqualified to act for
reasons not disclosed in the relator's petition. Relator concedes the trial court had the
authority to appoint David Ryan as District Attorney Pro Tem. See Tex. Code Crim.
Proc. Ann. art. 2.07 (Vernon 1977 & Supp. 2005). Ryan requested the appointment of
an assistant, and on June 30, 2004, the trial court signed an order appointing Musick-Long
as Assistant District Attorney Pro Tem and authorized Ryan to employ Musick-Long as
either Assistant District Attorney Pro Tem or as an assistant special prosecutor. Johnson
contends the judge lacked the authority to appoint an assistant district attorney under
Section 41.102 of the Government Code. Tex. Gov't Code Ann. § 41.102 (Vernon
2004). Therefore, he argues, by not striking Musick-Long's appointment the trial court
violated a ministerial duty.

 Relator's sole precedent, Locklin v. State, 75 S.W. 305 (Tex. Crim. App. 1903) is
distinguishable from the facts presented here. Locklin was a regular appeal, not an original
proceeding. Id. In Locklin, the court in the prosecution of a co-defendant appointed an
attorney named Martin as an assistant district attorney to assist the district attorney in
representing the State before the grand jury. Id. at 306. Martin subsequently became a
judge and presided in Locklin's trial. Id. The Court of Criminal Appeals held Judge
Martin was not so connected with the prosecution as to be disqualified, because he
prosecuted the co-defendant in a separate cause and Judge Martin was never counsel for
the State on the prosecution of Locklin. Id. The Court noted that the trial court was
authorized to appoint an attorney pro tem in the absence of the district attorney, but that
the district attorney had not been absent in the prosecution of the co-defendant. Id. On
rehearing, the court reiterated that Martin had been a mere volunteer in the co-defendant's
case; because the district attorney was present, "[t]he judge had no authority to appoint
him to go before the grand jury. And we apprehend, if he had undertaken to prosecute a
case on behalf of the state, by virtue of an assumed official position (the district attorney
being present at the time), on objection he would not have been permitted to do so." Id.
at 310. In this case, the relator concedes the Criminal District Attorney recused and
Ryan's appointment is appropriate. Having accepted his appointment, Ryan requested
appointment of another attorney pro tem to assist him, or permission to employ an attorney
to assist him. In granting his request, the trial court usurped the power of neither the
elected Criminal District Attorney who recused from the case nor the appointed District
Attorney Pro Tem who requested the additional appointment. 

 The relator has not shown that he is entitled to the relief sought. See Tex. R. App.
P. 52.3(j). The petition for writ of mandamus, filed February 4, 2005, is denied. 

 WRIT DENIED. 

 PER CURIAM


Opinion Delivered February 17, 2005 

Do Not Publish

Before McKeithen, C.J., Kreger and Horton, JJ.
1. Tex. R. App. P. 47.4.