In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-06-029 CV


____________________



IN RE ELIJAH WHITE RATCLIFF






Original Proceeding






 MEMORANDUM OPINION 


 Elijah White Ratcliff petitions for a writ of mandamus using the following language:
"to remedy the double jeopardy considerations and the notorious objective of the prosecution
to harass Movant and his formalized and professionalized objectives, aggravated by
prosecutorial misconduct calculated to deny Movant a speedy trial." Although twelve of the
seventeen issues raised in the petition address rulings in various civil cases filed by Ratcliff, (1)
we construe this petition to identify as the respondent the judge presiding in Cause Nos.
18,176 and 18,177. It appears Ratcliff seeks to stop all proceedings in the trial court until his
pre-trial motion to dismiss the indictment based on double jeopardy is resolved in the
appellate court. The relator discusses other issues in his petition, but all the issues raised in
the petition concern matters for which appeal, not mandamus, is the appropriate remedy. In
re Prudential Ins. Co. of Am., 148 S.W.3d 124, 135-36 (Tex. 2004); State ex rel. Hill v.
Court of Appeals for Fifth Dist., 34 S.W.3d 924, 927 (Tex. Crim. App. 2001); see also Ex
parte Robinson, 641 S.W.2d 552, 553 (Tex. Crim. App. 1982)(Ruling on pre-trial double
jeopardy claim raised on habeas corpus immediately appealable.). Accordingly, the petition
for writ of mandamus is denied.

 WRIT DENIED.

 PER CURIAM


Opinion Delivered February 9, 2006 

Before McKeithen, C.J., Gaultney and Kreger, JJ.
1. In issues five through nine, Ratcliff discusses an attorney reinstatement proceeding
appealed in Ratcliff v. State Bar of Texas, No. 07-03-222 CV, 2004 WL 1043719 (Tex.
App.-Amarillo May 4, 2004, pet. denied), cert. denied, 125 S.Ct. 1861, 161 L.Ed.2d 746
(2005). The appellate court remanded the case to the trial court and Ratcliff does not
describe the proceedings on remand. Issues ten through sixteen refer to a civil suit in
which we affirmed the judgment. See Ratcliff v. Indymac Bank, F.S.B., No. 09-03-271
CV, 2004 WL 1813090 (Tex. App.-Beaumont Aug. 12, 2004, pet. denied). The remaining
issue concerns pre-trial issues in the criminal cases and evidentiary issues in the case now
on appeal in No. 09-05-480 CR. All of these cases were filed in the same district court.