Becker v. State







COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS








IN RE: JIMMY LEE SWEED,


 §
 
§
 
§
 
§
 
§



No. 08-07-00020-CR
 
AN ORIGINAL PROCEEDING 

IN MANDAMUS



 

 

 





MEMORANDUM OPINION ON PETITION FOR WRIT OF MANDAMUS

            In his petition and amendment for writ of mandamus, Sweed argues the trial court, during
a hearing regarding his 28.01 motion


, failed to analyze or properly apply the law correctly
because his prior convictions cannot be used to impeach his credibility as a witness. He argues
the court misapplied the law since the date of his release from confinement is less than the time
period provided by statute. Sweed contends the trial court lacked jurisdiction over his prior
conviction in Cause No. 20050D04098 since the conviction was void. He also argues the trial
court erred in failing to apply federal law.
            In order to obtain relief through a writ of mandamus, a relator must establish: (1) no
other adequate remedy at law is available; and (2) that the act he seeks to compel is ministerial.
Dickens v. Court of Appeals For Second Supreme Judicial Dist. of Texas, 727 S.W.2d 542, 548
(Tex.Crim.App. 1987)(orig. proceeding). An act is ministerial if it does not involve the exercise
of any discretion. State ex rel. Hill v. Court of Appeals for the Fifth District, 34 S.W.3d 924, 927
(Tex.Crim.App. 2001)(orig. proceeding). However, a so-called discretionary function may
become ministerial when the facts and circumstances dictate but one rational decision. Buntion
v. Harmon, 827 S.W.2d 945, 947 n.2 (Tex.Crim.App. 1992)(orig. proceeding).
            The allegations raised in Sweed’s petition relate to his 28.01 motion and the trial court’s
hearing. Tex.Code Crim.Proc.Ann. art. 28.01. Attached to Sweed’s petition for writ of
mandamus is a copy of “Defendant’s First Motion Pursuant To Texas Code Of Criminal
Procedure, Article 28.01 (Vernon’s).” However, the motion is not file stamped and Sweed has
not provided this Court with a copy of the transcript from that hearing or the court’s order. 
Based upon the limited record before us, Sweed has not demonstrated he is entitled to mandamus
relief. See Tex.R.App.P. 52.7; 52.8(a). Accordingly, we deny relief.



March 1, 2007
DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Carr, JJ.

(Do Not Publish)