COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  | § |  |
|---|---|---|
| IN RE: LAWRENCE W. FEW, | § | |
| | | No. 08-08-00071-CR |
| Relator. | § | |
| | | AN ORIGINAL PROCEEDING |
| | § | |
| | | IN MANDAMUS |
| | § | |
| | § | |

**MEMORANDUM OPINION ON PETITION FOR WRIT OF MANDAMUS**

Lawrence Few has filed a second pro se petition for writ of mandamus requesting this Court issue an order compelling the trial court to appoint an attorney to represent Few in his petition for habeas corpus. Mandamus relief is denied.

Mandamus relief will not be granted absent the relator's establishing: (1) no other adequate remedy exists at law; and (2) that the act he seeks to compel is ministerial. *Dickens v. Court of Appeals for the Second Supreme Judicial Dist. of Tex.*, 727 S.W.2d 542, 548 (Tex. Crim. App. 1987). An act is ministerial if it does not involve the exercise of any discretion. *State ex rel. Hill v. Court of Appeals for the Fifth Dist.*, 34 S.W.3d 924, 927 (Tex. Crim. App. 2001). A discretionary function may become ministerial when the facts and circumstances dictate but one rational decision. *Buntion v. Harmon*, 827 S.W.2d 945, 948 n.2 (Tex. Crim. App. 1992).

This Court is empowered to direct a trial court to consider and rule on a properly filed pending motion if: (1) the realtor has asked the trial court to rule; and (2) the trial court has either refused to rule, or failed to rule within a reasonable time. *See Barnes v. State*, 832 S.W.2d 424, 426-27 (Tex. App.--Houston [1st Dist.] 1992, orig. proceeding). It is the relator's burden to provide this

Court with a sufficient record to establish his right to mandamus relief. *See* TEX. R. APP. P. 52.3(j)(1)(A) (appendix to mandamus petition must contain a copy of any order complained of, or any other document showing the matter complained of); TEX. R. APP. P. 52.7(a)(1) (relator must file with the mandamus petition a copy of every document that is material to his claim for relief); *Greenwell v. Court of Appeals for the Thirteenth Dist.*, 159 S.W.3d 645, 648 (Tex. Crim. App. 2005).

In this case, Few requests that this Court order the trial court to appoint an attorney to represent him in a habeas corpus action. Although Few has attached file-stamped copies of motions "To Request the Court For Appointment of Attorney," there is no evidence that these motions have been presented to the trial court, and therefore no evidence that the trial court has refused to rule. As Relator has failed to provide this Court with a record sufficient to establish his right to mandamus relief, the petition is denied.

KENNETH R. CARR, Justice

March 27, 2008

Before Chew, C.J., McClure, and Carr, JJ.
McClure, J., not participating

(Do Not Publish)

2