COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | § | |
|---|---|---|
| IN RE: DAVID RAMOS, | § | No. 08-08-00207-CR |
| Relator. | § | AN ORIGINAL PROCEEDING |
| | § | IN MANDAMUS |
| | § | |
| | § | |

## MEMORANDUM OPINION ON PETITION FOR WRIT OF MANDAMUS

Relator, David Ramos, requests this Court issue a writ of mandamus to compel the production of transcripts and witness lists related to indictments in the 168th and 34th Judicial District Courts. He also represents to the Court that both indictments are defective for lack of jurisdiction, and that the statute of limitations for the charges against him has expired.

In order to obtain relief through a writ of mandamus, a relator must establish: (1) no other adequate remedy at law is available and (2) the act he seeks to compel is ministerial. *Dickens v. Court of Appeals For Second Supreme Judicial Dist. of Texas*, 727 S.W.2d 542, 548 (Tex. Crim. App. 1987). An act is ministerial if it does not involve the exercise of discretion. *State ex rel. Hill v. Court of Appeals for the Fifth District*, 34 S.W.3d 924, 927 (Tex. Crim. App. 2001). However, a so-called discretionary function may become ministerial when the facts and circumstances dictate but one rational decision. *Buntion v. Harmon*, 827 S.W.2d 945, 948 n.2 (Tex. Crim. App. 1992).

Ramos has not provided the Court with any documentation of the matters complained of in his petition. *See* TEX. R. APP. P. 52.3(j). Therefore, the petition does not demonstrate he is

entitled to the relief he has requested.  *See* TEX. R. APP. P. 52.7; *Dickens* 727 S.W.2d at 548.

Accordingly, we deny mandamus relief.  *See* TEX. R. APP. P. 52.8(a).


KENNETH R. CARR, Justice

July 3, 2008

Before Chew, C.J., McClure, and Carr, JJ.

(Do Not Publish)