COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS




IN RE: DAVID RAMOS,


 Relator.
 §


 


§


 


§


 


§


 


§


 


 § 


No. 08-08-00207-CR


 

AN ORIGINAL PROCEEDING


IN MANDAMUS







MEMORANDUM OPINION ON PETITION FOR WRIT OF MANDAMUS


 Relator, David Ramos, requests this Court issue a writ of mandamus to compel the
production of transcripts and witness lists related to indictments in the 168th and 34th Judicial
District Courts. He also represents to the Court that both indictments are defective for lack of
jurisdiction, and that the statute of limitations for the charges against him has expired.

 In order to obtain relief through a writ of mandamus, a relator must establish: (1) no
other adequate remedy at law is available and (2) the act he seeks to compel is ministerial. 
Dickens v. Court of Appeals For Second Supreme Judicial Dist. of Texas, 727 S.W.2d 542, 548
(Tex. Crim. App. 1987). An act is ministerial if it does not involve the exercise of discretion. 
State ex rel. Hill v. Court of Appeals for the Fifth District, 34 S.W.3d 924, 927 (Tex. Crim. App.
2001). However, a so-called discretionary function may become ministerial when the facts and
circumstances dictate but one rational decision. Buntion v. Harmon, 827 S.W.2d 945, 948 n.2
(Tex. Crim. App. 1992).

 Ramos has not provided the Court with any documentation of the matters complained of
in his petition. See Tex. R. App. P. 52.3(j). Therefore, the petition does not demonstrate he is
entitled to the relief he has requested. See Tex. R. App. P. 52.7; Dickens 727 S.W.2d at 548.
Accordingly, we deny mandamus relief. See Tex. R. App. P. 52.8(a).


 KENNETH R. CARR, Justice


July 3, 2008


Before Chew, C.J., McClure, and Carr, JJ.


(Do Not Publish)