In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-09-00403-CV


____________________



IN RE DOUGLAS ALAN BURDEN






Original Proceeding






MEMORANDUM OPINION


 Relator Douglas Alan Burden filed a writ of mandamus, in which he complains that
in his underlying criminal case the trial court entered a defective certification, his waivers
of appeal and of jury trial were not made knowingly and intelligently, and the trial court's
allegedly defective certification prevented him from presenting his appellate issues. Burden
apparently also seeks to compel the trial court and the district clerk to respond to his request
for documents. 

 Because the information received from the trial court in Burden's underlying criminal
case indicated that the case was a plea bargain and did not involve revocation of community
supervision, this Court issued an opinion dismissing relator's appeal for want of jurisdiction
on August 7, 2003. See Burden v. State, No. 09-03-284-CR, 2003 WL 21831899, at *1 (Tex.
App.--Beaumont Aug. 7, 2003, no pet.) (not designated for publication). The trial court's
only duty thereafter was to enforce our mandate, which issued on October 21, 2003. (1) See
Tex. R. App. P. 51.2. 

 The district clerk is not a person against whom we may issue a writ of mandamus
other than to enforce our jurisdiction. See Tex. Gov't Code Ann. § 22.221(a), (b) (Vernon
2004). Relator has not shown that issuance of the writ against the district clerk is necessary
to enforce our jurisdiction, therefore, we dismiss that portion of relator's petition for writ of
mandamus for want of jurisdiction. See In re Pennington, No. 09-08-370 CV, 2008 WL
4425521, at *1 (Tex. App.--Beaumont Oct. 2, 2008, orig. proceeding) (mem. op.). 

 Relator has not demonstrated that he is entitled to mandamus relief from this court. 
See State ex rel. Hill v. Court of Appeals for the Fifth Dist., 34 S.W.3d 924, 927 (Tex. Crim.
App. 2001). Accordingly, we deny relief on the petition for writ of mandamus.

 PETITION DISMISSED IN PART FOR WANT OF JURISDICTION AND DENIED
IN PART.

 PER CURIAM

Opinion Delivered September 24, 2009


Before McKeithen, C.J., Kreger and Horton, JJ.
1. We addressed this issue in a previous petition for writ of mandamus filed by Burden. 
In re Burden, No. 09-08-228 CV, 2008 WL 2369137 (Tex. App.--Beaumont June 12, 2008,
orig. proceeding) (mem. op.).