NO









NO. 12-09-00423-CR

NO. 12-09-00424-CR

 

                         IN
THE COURT OF APPEALS

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

 

                                                                             '     

IN RE: MARVIN WADDLETON,

RELATOR                                                          '     ORIGINAL
PROCEEDING

 

                                                                             '     





                                                      MEMORANDUM
OPINION

 

            Relator
Marvin Waddleton III seeks a writ of mandamus directing the Honorable Jack
Skeen, Jr., Judge of the 241st Judicial District Court, Smith County, Texas, to order the release of funds allegedly deposited by Relator upon the execution of
his bail bonds in trial court cause numbers 241–0843–05 and 241–1330–05.  We
deny the petition.           

 

Discussion

In
a criminal case, the relator is entitled to mandamus relief only if he
establishes that (1) he has no other adequate legal remedy and (2) under the
facts and the law, the act sought to be compelled is purely ministerial.  See State ex rel. Hill v. Fifth Court of Appeals, 34 S.W.3d 924,
927 (Tex. Crim. App. 2001).  Here, Relator contends that he deposited funds in
the sum of $2,950 in two criminal cases and is entitled to a refund of the
deposited funds pursuant to article 17.02 of the Texas Code of Criminal
Procedure.  He further alleges that mandamus is appropriate because the
respondent has been requested to order the refund, but has failed to do so.

A
“bail bond” is a written undertaking entered into by the defendant and his
sureties for the appearance of the defendant before some court or magistrate to
answer a criminal accusation.  Tex. Code
Crim. Proc. Ann. art. 17.02 (Vernon 2005).  If the defendant chooses, he
may deposit with the custodian of funds of the court in which prosecution is
pending cash in the amount of the bond in lieu of having sureties sign the
bond.  Id.   The receiving officer must give a receipt for any
funds deposited, and the funds must be refunded to the defendant, upon order of
the court, if and when he complies with the conditions of his bond.  Id .  

            Initially,
we note that a petition for writ of mandamus must be accompanied by an appendix
that contains a certified or sworn copy of any order complained of, or any
other document showing the matter complained of.  See Tex. R. App. P. 52.3(k)(1)(A). 
Additionally, the petition must be accompanied by a record containing a
certified or sworn copy of every document that is material to the relator’s
claim for relief and that was filed in any underlying proceeding.  See Tex. R. App. P. 52.7(a)(1).  Relator’s
petition was not accompanied by an appendix or a record.  Consequently, we are
unable to verify the allegations in his petition or conclude that he is
entitled to mandamus.

            Moreover,
Relator alleges that, in two separate cases, he was charged with theft (trial
court cause number 241–0843–05) and possession of a controlled substance (trial
court cause number 241–1330–5).  He further alleges that his bond was set at
$25,000 in the theft case and $5,000 in the possession of a controlled
substance case.  According to Relator, Fast Action Bail Bond wrote both of
these bonds, and was paid a total premium of $2,950.  Thus, it appears from
Relator’s petition that he posted a surety bond in each case and that the
amount he paid was a premium for the bonds and not a cash deposit in lieu of
sureties as contemplated by article 17.02.

 

Conclusion

            Relator
has not shown that he deposited cash in lieu of having sureties sign his bonds
as authorized by article 17.02 of the Texas Code of Criminal Procedure.  Therefore,
he is unable to establish, under the facts and the law, that the respondent has
failed to perform an act that is purely ministerial.  Because Relator has not
satisfied this prerequisite to mandamus, we need not address the second
prerequisite, the availability of an adequate legal remedy.  Relator’s petition
for writ of mandamus is denied.

 

                                                                                                    
JAMES T. WORTHEN    

                                                                                                                
Chief Justice

 

Opinion delivered December 16, 2009.

Panel consisted of
Worthen, C.J, and Hoyle, J.

Griffith, J., not
participating.

 

 

 

(DO NOT PUBLISH)