NO









NO. 12-10-00033-CR

NO. 12-10-00034-CR

 

                         IN
THE COURT OF APPEALS

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

 

                                                                             '     

IN RE: JAMES WILLIAM DAVIS,

RELATOR                                                          '     ORIGINAL
PROCEEDING

 

                                                                             '     

 

 





MEMORANDUM
OPINION

            In
this original proceeding, James William Davis alleges that charges for escape
and aggravated assault have been pending against him for over five years.  He
further alleges that he has made repeated requests for the cases to be tried or
dismissed, but has been unsuccessful.  Additionally, he has filed two motions
in the trial court requesting that the cases be tried or dismissed in light of
his Sixth Amendment right to a speedy trial.  He contends that the trial court
has not ruled on his motions and seeks a writ of mandamus ordering that all
pending allegations be dismissed with prejudice.[1] 


District
Attorney

            A
court of appeals has the authority to issue writs of mandamus against a judge
of a district or county in the court of appeals district and all writs
necessary to enforce its jurisdiction.  Tex.
Gov't Code Ann. § 22.221 (Vernon 2004).  In order for a district
attorney to fall within our jurisdictional reach, it must be established that
the issuance of the writ is necessary to enforce our jurisdiction.  See id.;
In re Spivey, No. 10-09-00263-CV, 2009 WL 2643985, at *1 (Tex.
App.–Aug. 26, 2009, orig. proceeding [mandamus denied]) (mem. op.) (holding
that appellate court lacked jurisdiction to issue mandamus against district
attorney when not necessary to enforce its jurisdiction).  Relator has not
demonstrated that the exercise of our mandamus authority against the Rains
County District Attorney is necessary to enforce our jurisdiction.  Consequently,
we have no authority to issue the requested writ.

Trial
Court

            In a
criminal case, the relator is entitled to mandamus relief only if he
establishes that (1) he has no other adequate legal remedy and (2) under the
facts and the law, the act sought to be compelled is purely ministerial.  See State ex rel. Hill v. Fifth Court of Appeals, 34 S.W.3d
924, 927 (Tex. Crim. App. 2001) (orig. proceeding).  Consideration of a motion
properly filed and before the court is a ministerial act.  Id. at
927.  Although a court may be compelled to consider a motion, mandamus is not
available to require that the trial court rule a certain way on that motion.  State
ex rel. Curry v. Gray, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987)
(orig. proceeding).

            Here,
Relator alleges that the trial court has failed to rule on his motions to try
the pending cases or dismiss them in light of his right to a speedy trial. 
However, he does not request that we direct the trial court to rule on the
motions.  Instead, he seeks a writ of mandamus directing that “all pending
allegations [be] dismissed with prejudice” or that a bench warrant be issued
for his immediate trial.   Mandamus is not available for this purpose.  See id. 


 

Conclusion

            Under
the facts of this case, we are without authority to issue a writ of mandamus
against the Rains County District Attorney.  Therefore, the portion of Relator’s
petition seeking a writ of mandamus directed to the Rains County District
Attorney is dismissed for want of jurisdiction.  Because mandamus
is not available to compel a trial court to rule a certain way on a pending
motion, the portion of Relator’s petition seeking a writ of mandamus directed
to the trial court is denied.

                                                                                                    
BRIAN HOYLE__    

                                                                                                             
Justice

 

Opinion delivered February 10, 2010.

Panel consisted of
Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

(DO NOT PUBLISH)

 









[1] 
The respondents are Robert Vititow, District
Attorney, Rains County, Texas, and the Honorable
Robert Newsom, Judge of the 8th Judicial
District Court of Rains County.