# NO. 12-11-00113-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *AARON LAMON MUSE,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

### *MEMORANDUM OPINION*

Relator Aaron Lamon Muse complains in this original mandamus proceeding that the trial court has failed to rule on Relator's motion for new trial. Relator filed the motion on February 8, 2011, and seeks to set aside his 2009 conviction for aggravated robbery. He asserts that the trial court has a legal duty to rule on the motion for new trial and urges that mandamus is appropriate to require the trial court to perform its duty. We deny the petition.

To demonstrate entitlement to a writ of mandamus in a criminal case, a relator must establish that (1) the trial court failed to perform a duty that is purely ministerial under the facts and the law, and that (2) the relator has no other adequate legal remedy. ***State ex rel. Hill v. Fifth Court of Appeals***, 34 S.W.3d 924, 927 (Tex. Crim. App. 2001) (orig. proceeding).

A trial court has no duty to rule on a motion for new trial. *See* TEX. R. APP. P. 21.8(c) (motion for new trial not ruled on by written order within seventy-five days after imposing or suspending sentence in open court deemed denied at expiration of seventy-five period). Moreover, a defendant in a criminal case must file a motion for new trial not later than thirty days after the date the trial court imposes or suspends sentence in open court. TEX. R. APP. P. 21.4(a). Here, Relator's sentence was imposed in open court on October 30, 2009, and his motion was filed approximately sixteen months later on February 8, 2011. This is well outside the thirty day time period for filing a motion for new trial. *See* TEX. R. APP. P. 21.4(a). Because Relator's motion was not timely filed, the trial court has no authority to rule on the motion.

Therefore, even if a trial court generally has a duty to rule on a motion for new trial, the respondent trial court has no plenary power to do so under the facts presented here.

Relator has not shown that the trial court failed to perform a ministerial duty. Consequently, he cannot show that he is entitled to mandamus relief. Relator's petition for writ of mandamus is *denied*.


**JAMES T. WORTHEN**
Chief Justice


Opinion delivered May 11, 2011.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)