Petition for Writ of Mandamus Denied and
Memorandum Opinion filed August 4, 2011.

 

In
The

Fourteenth
Court of Appeals



NO. 14-11-00620-CR



 

In Re FRANCISCO GOMEZ,
Relator



 



ORIGINAL PROCEEDING



WRIT OF MANDAMUS

208th District
Court

Harris County,
Texas

Trial Court
Cause No. 9424768-C



 

MEMORANDUM
 OPINION

On July 21, 2011, relator Francisco Gomez filed a
petition for writ of mandamus in this court.  See Tex. Gov’t Code Ann.
§22.221; see also Tex. R. App. P. 52.  In the petition, relator asks
this court to compel the Honorable Denise Collins, presiding judge of the 208th
District Court of Harris County, to rule on his motion to expedite.

On July 17, 2008, relator filed a “Motion to Expedite
the Order of Designating Issues Ordered by this Court on March 18, 2008.” 
Relator alleges the trial court has failed to rule on his motion.  

In 1995, appellant was convicted of killing his wife,
and this court affirmed his conviction.  Gomez v. State, No.
14-95-01481-CR; 1997 WL 539544 (Tex. App.—Houston [14th Dist.] 1997, no pet.). 
In his motion to expedite, relator alleges he has discovered new evidence, and
asks the trial court to grant his writ of habeas corpus.  

Mandamus is an extraordinary remedy that will not
issue unless the relator demonstrates he has no adequate remedy at law, and
that the act complained of is ministerial, not discretionary, in nature.  State
ex rel. Hill v. Court of Appeals for Fifth Dist., 34 S.W.3d 924, 926–27
(Tex. Crim. App. 2001).  A party seeking mandamus relief must provide the
appellate court with a record containing certified or sworn copies “of every
document that is material to the relator’s claim for relief and that was filed
in any underlying proceeding.”  Tex. R. App. P. 52.7.

Relator has not demonstrated that he is entitled to
extraordinary relief.  He has provided this court with a file-stamped copy of
his motion to expedite and letters written to the court coordinator and the
district clerk.  The record does not contain an application for writ of habeas
corpus.  Further, there is no evidence that the trial court was made aware of
relator’s motion.  From these documents the court is unable to identify the
matters, if any, on which the trial court has failed to rule. 

Accordingly, we deny relator’s petition for writ of
mandamus.

                                                                                    PER
CURIAM

 

 

 

Panel consists of Justices Frost, Jamison, and McCally.

Do
Not Publish.  Tex. R. App. P.
47.2(b)