**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-13-00224-CR**
_____

**IN RE RODNEY DWAYNE CLEVELAND**

_____

**Original Proceeding**
_____

**MEMORANDUM OPINION**

Relator Rodney Dwayne Cleveland filed a petition for writ of mandamus with this Court. Relator asks this Court to compel the trial court to set a recognizance bond.[1] Relator also complains about the trial court's incorrect certification, and he contends trial counsel should be ordered to withdraw because he provided ineffective assistance.

Relator has not demonstrated that he is clearly entitled to mandamus relief from this Court. *See State ex rel. Hill v. Court of Appeals for the Fifth Dist.*, 34 S.W.3d 924, 927 (Tex. Crim. App. 2001) (To demonstrate entitlement to a writ of

---

[1]A direct appeal of relator's conviction is currently pending before this Court in appeal number 09-13-00059-CR.

1

mandamus, a relator must establish that the trial court failed to perform a ministerial duty, and that relator has no other adequate legal remedy.); *see also* Tex. Code Crim. Proc. Ann. art. 44.04(b) (West 2006) ("The defendant may not be released on bail pending the appeal from any felony conviction where the punishment equals or exceeds 10 years['] confinement[.]"). This Court reinstated relator's appeal after receiving the clerk's record that indicated the trial court's certification was incorrect, and relator's direct appeal therefore remains pending. Trial counsel's performance is a matter that may be addressed on direct appeal if adequately supported by the record. *See Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). We deny relief on the petition for writ of mandamus.

PETITION DENIED.

PER CURIAM

Opinion Delivered May 22, 2013
Do Not Publish
Before McKeithen, C.J., Gaultney and Kreger, JJ.