**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-13-00423-CR**
_____

**IN RE ERNEST MARTIN**

_____

**Original Proceeding**

_____

**MEMORANDUM OPINION**

Relator Ernest Martin filed a petition for writ of mandamus asking this Court to compel the trial court to address his motion to compel his defense attorney at trial to produce his defense file for Martin's use in filing a petition for writ of habeas corpus with the Court of Criminal Appeals. *See* Tex. Code Crim. Proc. Ann. art. 11.07 (West Supp. 2012).

To obtain mandamus relief, Martin must show that he has a clear legal right to the act sought to be compelled. *See Banales v. Court of Appeals for the Thirteenth Judicial Dist.*, 93 S.W.3d 33, 35 (Tex. Crim. App. 2002). Generally, consideration of a properly filed motion is ministerial. *See State ex rel. Curry v. Gray*, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987). However, Martin has not

1

shown that an active proceeding exists before the convicting court, since the judgment became final before he filed the motion that is the subject of his petition for mandamus. Habeas corpus proceedings under Article 11.07 of the Texas Code of Criminal Procedure provide the exclusive post-conviction remedy for Martin's complaints. *See* Tex. Code Crim. Proc. Ann. art. 11.07.

Relator has not demonstrated that he is entitled to mandamus relief. *See State ex rel. Hill v. Court of Appeals for the Fifth Dist.*, 34 S.W.3d 924, 927 (Tex. Crim. App. 2001) (To demonstrate entitlement to a writ of mandamus, a relator must establish that the trial court failed to perform a ministerial duty, and that relator has no other adequate legal remedy.). Accordingly, we deny relief on the petition for writ of mandamus.

PETITION DENIED.

PER CURIAM

Opinion Delivered October 16, 2013
Before McKeithen, C.J., Kreger and Horton, JJ.