**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-14-00106-CR**
_____

**IN RE BYRON LYNN LUCAS**

**Original Proceeding**

**MEMORANDUM OPINION**

Relator Byron Lynn Lucas filed a writ of mandamus, in which he complains that the cumulation orders contained in judgments signed in 1999 are void because the cases were prosecuted in a single criminal action. In two previous mandamus proceedings filed by Lucas concerning the same issue, this Court concluded that (1) the record did not support Lucas's claim that the State prosecuted all of the cases in a single criminal action, (2) article 11.07 of the Texas Code of Criminal Procedure provides the exclusive post-appellate vehicle for challenging a final felony conviction, and (3) Lucas failed to demonstrate that he could not have challenged the cumulation orders through direct appeal or habeas corpus. *See In re Lucas*, No. 09-09-00567-CV, 2010 WL 183872, at *1 (Tex. App.—Beaumont Jan.

1

21, 2010, orig. proceeding) (mem. op.); *In re Lucas*, No. 09-07-157 CV, 2007 WL 1087134, at *1 (Tex. App.—Beaumont Apr. 12, 2007, orig. proceeding) (mem. op.).

We may grant mandamus relief only if the relator demonstrates that (1) the act sought to be compelled is purely ministerial, and (2) the relator has no other adequate legal remedy. *See State ex rel. Hill v. Court of Appeals for the Fifth Dist.*, 34 S.W.3d 924, 927 (Tex. Crim. App. 2001). Lucas has not shown that he is entitled to the relief sought. *See id*.

As previously discussed, we have addressed the same issue in two prior petitions for writ of mandamus filed by Lucas. *Lucas*, 2010 WL 183872, at *1; *Lucas*, 2007 WL 1087134, at *1. Lucas raises no new issues or arguments in this proceeding, nor does he provide any additional documentation to support his claims. We deny the petition for writ of mandamus. In addition, if Lucas should file additional mandamus proceedings raising these claims, we will cite Lucas for abuse of the writ of mandamus unless he can demonstrate that his claim was not and could not have been previously raised, and that he has no adequate remedy at law and the act he seeks to compel is ministerial. *See Ex parte Jones*, 97 S.W.3d 586, 588-89 (Tex. Crim. App. 2003) (noting that frivolous filings waste scarce judicial and fiscal resources and citing the applicant for abuse of the writ).

PETITION DENIED.

PER CURIAM

Opinion Delivered March 26, 2014
Do Not Publish

Before McKeithen, C.J., Kreger and Horton, JJ.

3