**Deny and Opinion Filed August 7, 2014**



In The

# Court of Appeals
## Fifth District of Texas at Dallas

**No. 05-14-00968-CV**

**No. 05-14-00969-CV**

**No. 05-14-00970-CV**

**No. 05-14-00971-CV**

**No. 05-14-00972-CV**

**IN RE WILLIE OTIS HARRIS, Relator**

**Original Proceeding from the 304th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F91-45092; F91-45093; F91-45123; F91-70666; F91-70667**

## MEMORANDUM OPINION
Before Justices FitzGerald, Francis, and Lewis
Opinion by Justice Francis

Relator filed this petition for writ of mandamus requesting that the Court order the trial court to rule on his motion for new trial. The facts and issues are well known to the parties so we do not recount them here. To demonstrate entitlement to a writ of mandamus in a criminal case, a relator must establish that (1) the trial court failed to perform a purely ministerial duty, and (2) relator has no other adequate legal remedy. *State ex rel. Hill v. Court of Appeals for the Fifth Dist.,* 34 S.W.3d 924, 927 (Tex. Crim. App. 2001). A trial court has no obligation to rule on a motion for new trial because it is overruled by operation of law if the trial court fails to rule within seventy-five days. TEX. R. APP. P. 21.8; *In re Boykin,* No. 09-12-00361-CR, 2012 WL 4033333, at *1 (Tex. App.—Beaumont Sept. 12, 2012, orig. proceeding); *In re Bullock,* No. 12-

11-00258-CR, 2011 WL 5420842, at *1 (Tex. App.—Tyler Nov. 9, 2011, orig. proceeding).

Accordingly, relator has not demonstrated that the trial court has failed to perform a ministerial

duty. We **DENY** the petition for writ of mandamus.


140968F.P05

/Molly Francis/
MOLLY FRANCIS
JUSTICE