

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-16-00042-CR

IN RE REGINALD D. REECE

Original Mandamus Proceeding

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Burgess

# MEMORANDUM OPINION

Relator, Reginald D. Reece, proceeding pro se, has filed a petition for writ of mandamus asking this Court to make a finding that the Honorable Leon F. Pesek, Jr., presiding judge of the 202nd Judicial District Court of Bowie County, Texas, failed to credit his sentence for sixteen months he spent in the "constructive custody" of Cass County, Texas, and the Arkansas Department of Corrections by virtue of a warrant stemming from a Bowie County bond forfeiture. Reece also asks this Court to enter an order awarding him sixteen months credit for time served in jail.

In his petition, Reece states that the trial court previously entered a nunc pro tunc judgment of conviction wherein Reece was given credit for time served while he was confined in the Bowie County jail. Reece's petition for writ of mandamus reveals only that he is dissatisfied with the entry of the trial court's nunc pro tunc judgment.

To be entitled to mandamus relief in a criminal case, a relator must show that he has no adequate remedy at law to redress his alleged harm and that the act he seeks to compel is purely ministerial. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). An act is ministerial if it does not involve the exercise of any discretion. *State ex rel. Hill v. Court of Appeals for the Fifth Dist.*, 34 S.W.3d 924, 927 (Tex. Crim. App. 2001) (orig. proceeding). It is relator's burden to provide this Court with a sufficient record to establish his right to mandamus relief. *See Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding); *see also* TEX. R. APP. P. 52.3, 52.7.

2

Reece failed to provide this Court with a judgment of conviction, a nunc pro tunc judgment of conviction, or even the offense of which he has been charged and on which he is being held. Instead, he offers a conclusory statement that the trial court failed to award him sufficient credit for time served. Reece has wholly failed to meet his burden of showing that he is entitled to mandamus relief.

Consequently, we deny his request.


Ralph K. Burgess
Justice

Date Submitted:     April 14, 2016
Date Decided:       April 15, 2016

Do Not Publish