

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-16-00172-CR

IN RE SETH AARON KING

Original Mandamus Proceeding

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Chief Justice Morriss

# MEMORANDUM OPINION

Seth Aaron King has filed a petition for writ of mandamus in which he asks this Court to order the 124th Judicial District Court of Gregg County to rescind an order denying his application for a writ of habeas corpus. King also asks that we compel the District Clerk to send him "a Certificate of Receipt and Filing of his Application For Writ of Habeas Corpus," the State's response, and the order denying his application. We deny King's petition for writ of mandamus.

To be entitled to mandamus relief, the relator must show (1) that he has no adequate remedy at law and (2) that the action he seeks to compel is ministerial, not one involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). The relator is obligated to provide this Court with a record sufficient to establish his right to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding); *In re Pilgrim's Pride Corp.*, 187 S.W.3d 197, 198–99 (Tex. App.—Texarkana 2006, orig. proceeding); *see* TEX. R. APP. P. 52.3.

King asks this Court to order the trial court to rescind its August 22, 2016, order denying the application for writ of habeas corpus so that he may review the State's response and file objections to the response. Yet, King has not provided this Court with an adequate record. He has not included his application for writ of habeas corpus and does not explain why the record demonstrates that rescission of the August 22 order is necessary. In any event, "while a trial court may not have discretion whether or not to rule on a matter before it, it cannot be compelled to rule a certain way." *State ex rel. Hill v. Court of Appeals for Fifth Dist.*, 34 S.W.3d 924, 927 n.3 (Tex.

2

Crim. App. 2001). The substance of a ruling is not ministerial. *Id.* Accordingly, we cannot order the trial court to rescind its August 22 order.

Next, King asks us to compel the district clerk to send him a certificate of receipt and filing and a copy of the court's August 22 order. Citing to Article 11.07 of the Texas Code of Criminal Procedure, King also asks for a copy of the State's response to his application for a writ of habeas corpus. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 7 (West 2015). This Court has limited mandamus jurisdiction; we may issue a writ of mandamus only against a "judge of a district or county court in the court of appeals district." TEX. GOV'T CODE ANN. § 22.221(b) (West 2004). This Court only has mandamus jurisdiction over the district clerk when the district clerk's actions interfere with this Court's jurisdiction. TEX. GOV'T CODE ANN. § 22.221(a) (West 2004). We do not have jurisdiction over the district clerk in the context of this petition because courts of appeals have no original jurisdiction over petitions for habeas corpus relief in connection with criminal proceedings. *See* TEX. CODE CRIM. PROC. ANN. art. 11.05 (West 2015); TEX. GOV'T CODE ANN. § 22.221.

We deny the petition for writ of mandamus.

<br>

Josh R. Morriss, III
Chief Justice

Date Submitted:     October 13, 2016
Date Decided:       October 14, 2016

Do Not Publish

3