In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-16-00409-CR
_____


IN RE JEREMY JOMARD GOUDEAU


**Original Proceeding**
**252nd District Court of Jefferson County, Texas**
**Trial Cause No. 11-12314**


## MEMORANDUM OPINION

Relator Jeremy Jomard Goudeau filed a petition for writ of mandamus, in which he seeks to compel the trial court to rule on his motion for a free copy of his trial record, which he desires to use in conjunction with a post-conviction writ of habeas corpus.[1] Goudeau attached as exhibits a copy of his motion for a free record, the cover letter requesting that the district clerk file his motion, and an

---

[1]This Court previously dismissed Goudeau's appeal from his conviction because the trial court certified that his conviction was the result of a plea bargain and Goudeau had no right to appeal. *See Goudeau v. State*, No. 09-11-00675-CR, 2012 WL 112975 (Tex. App.—Beaumont Jan. 11, 2012, no pet.) (mem. op., not designated for publication).

internal prison document in which he inquired as to the date the prison mailed his motion.

A relator seeking mandamus relief must demonstrate that he has brought the motion to the trial judge's attention, and that the trial judge then failed or refused to rule within a reasonable time. *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.— Amarillo 2001, orig. proceeding). The clerk's knowledge of the filing of a motion cannot be imputed to the judge. *Id*.

Goudeau has not demonstrated that he brought the motion to the trial court's attention and requested a ruling from the trial judge. *See id*. Therefore, Goudeau has not demonstrated that he is entitled to mandamus relief from this Court. *See State ex rel. Hill v. Court of Appeals for the Fifth Dist.*, 34 S.W.3d 924, 927 (Tex. Crim. App. 2001). Accordingly, we deny relief on the petition for writ of mandamus.

PETITION DENIED.

PER CURIAM

Submitted on November 15, 2016
Opinion Delivered November 16, 2016
Do Not Publish

Before McKeithen, C.J., Kreger and Horton, JJ.

2