**DENY; and Opinion Filed August 16, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-18-00924-CV
No. 05-18-00925-CV
No. 05-18-00926-CV

**IN RE ROY OLIVER, Relator**

**Original Proceeding from the 292nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F17-18595-V, F17-00576-V & F17-00579-V**

## MEMORANDUM OPINION

Before Justices Bridges, Brown, and Boatright
Opinion by Justice Brown

Before the Court is relator's petition for writ of mandamus contending he is entitled to mandamus relief because the trial court refused to hold a hearing on his properly-filed pretrial application for habeas corpus.[1] In his application for writ of habeas corpus, relator alleged the grand jury process was unconstitutionally and hopelessly tainted because the State used coerced statements to obtain the indictments, and the use of such statements was unconstitutional. Relator relies on *Garrity v. New Jersey*, 385 U.S. 493 (1967), to support his claims.

The record shows that the trial court conducted a hearing on relator's original application for writ of habeas corpus on August 10, 2018. After that hearing, the trial court determined the application was invalid on its face. Two days later, relator filed an amended application and the

---

[1] Relator filed an application seeking to have several indictments against him dismissed.

trial court held a second hearing on August 14, 2018. After that hearing, the trial court determined relator's complaints were not cognizable and orally denied relator's application for pretrial writ of habeas corpus without considering the merits of relator's *Garrity* complaints. Relator now asks this Court to direct the trial court to "issue relator's writ of habeas corpus and hold a hearing on the merits of the petition."

To establish a right to mandamus relief in a criminal case, the relator must show that the trial court violated a ministerial duty and there is no adequate remedy at law. *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding). The ministerial duty requirement is satisfied if the relator has "'a clear right to the relief sought'—that is to say, 'when the facts and circumstances dictate but one rational decision' under unequivocal, well-settled (i.e., from extant statutory, constitutional, or case law sources), and clearly controlling legal principles." *Simon v. Levario*, 306 S.W.3d 318, 320 (Tex. Crim. App. 2009) (orig. proceeding). Mandamus will not lie to compel the trial court "to rule a certain way" on an issue which involves judicial discretion. *Id.* Thus, it is improper to order a trial court to exercise its judicial (as opposed to its ministerial) function in a particular way unless the law the relator invokes is definite, unambiguous, and unquestionably applies to the indisputable facts of the case. *Id.* Relator has not met this standard. For a duty to be ministerial, the law must "clearly spell [ ] out the duty to be performed ... with such certainty that nothing is left to the exercise of discretion or judgment." *State ex rel. Hill v. Court of Appeals for the Fifth District*, 34 S.W.3d 924, 928 (Tex. Crim. App. 2001) (quoting *Tex. Dep't of Corrections v. Dalehite*, 623 S.W.2d 420, 424 (Tex. Crim. App. 1981)). In other words, the act must be "positively commanded and so plainly prescribed" under the law "as to be free from doubt." *State ex rel. Hill*, 34 S.W.3d at 928 (quoting *Buntion v. Harmon*, 827 S.W.2d 945, 949 (Tex. Crim. App. 1992)).

A defendant may use a pretrial writ of habeas corpus only in very limited circumstances. *Ex parte Smith*, 178 S.W.3d 797, 801 (Tex. Crim. App. 2005) (internal citations omitted). Relator cites no Texas authorities, and this Court has found none, holding that a *Garrity* claim is cognizable in a pretrial application for writ of habeas corpus. Relator has not established a clear right to relief because the law is not unequivocal or well-settled on that issue. As such, the trial court did not have a ministerial duty to issue a writ of habeas corpus or to address the merits of the *Garrity* claim. Accordingly, we deny relator's petition for writ of mandamus.

/Ada Brown/
ADA BROWN
JUSTICE

180924F.P05