In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-19-00096-CR
_____

IN RE WADE BYRON MORGAN

Original Proceeding
75th District Court of Liberty County, Texas
Trial Cause No. CR22130-B

MEMORANDUM OPINION

In this original mandamus proceeding, Wade Byron Morgan asks this Court to compel the trial court to enter a judgment *nunc pro tunc*. Morgan claims his sentence is void because he was sentenced to serve thirty years in prison for a second degree felony. Morgan has not shown that he was convicted under section 30.02(c)(2) and not section 30.02(d) of the Texas Penal Code. *See generally* Tex. Penal Code Ann. § 30.02(d) (West 2019) ("An offense under this section is a felony of the first degree if: (1) the premises are a habitation; and (2) any party to the offense

1

entered the habitation with intent to commit a felony other than felony theft or committed or attempted to commit a felony other than felony theft.").[1]

To obtain mandamus relief, Morgan must show that he has a clear and indisputable right to the act sought to be compelled. *Banales v. Court of Appeals for Thirteenth Judicial Dist.*, 93 S.W.3d 33, 35 (Tex. Crim. App. 2002). Relator has not demonstrated that he is clearly entitled to mandamus relief from this Court. *See State ex rel. Hill v. Court of Appeals for Fifth Dist.*, 34 S.W.3d 924, 927 (Tex. Crim. App. 2001) (holding that to demonstrate entitlement to a writ of mandamus, a relator must establish that the trial court failed to perform a ministerial duty, and that relator has no other adequate legal remedy). Accordingly, we deny relief on the petition for writ of mandamus.

PETITION DENIED.

PER CURIAM

Submitted on April 16, 2019
Opinion Delivered April 17, 2019
Do Not Publish

Before McKeithen, C.J., Kreger and Horton, JJ.

---

[1] We cite the current version of the statute because subsequent amendments do not affect our analysis.

2