NUMBER13-11-00541-CR

 

                                 COURT
OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG

                                               




IN RE BRIAN HOWELL

 



 

                                On
Petition for Writ of Mandamus.

 



 

                               MEMORANDUM
OPINION

                                                              

                     Before
Justices Benavides, Vela, and Perkes

                               Memorandum
Opinion Per Curiam[1]

 

Relator,
Brian Howell, pro se, filed a petition for writ of mandamus in the above cause on
August 17, 2011.  Relator contends that the trial court has failed
to rule on his “Motion to Enter Judgment and Sentence Nunc Pro Tunc,” which
relator alleges that he filed on July 11, 2011.  Relator contends that the
“excessive delay” in ruling has prejudiced his ability to present a defense to
the charges against him.  Relator seeks a writ directing the trial court to
grant his motion.

To
be entitled to mandamus relief, relator must establish both that he has no
adequate remedy at law to redress his alleged harm, and that what he seeks to
compel is a ministerial act not involving a discretionary or judicial
decision.  State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at
Texarkana, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007).  If relator fails to
meet both of these requirements, then the petition for writ of mandamus should
be denied.   See id.  

It
is relator’s burden to properly request and show entitlement to mandamus
relief.  Barnes v. State, 832 S.W.2d 424, 426 (Tex. App.–Houston [1st
Dist.] 1992, orig. proceeding) (“Even a pro se applicant for a writ of mandamus
must show himself entitled to the extraordinary relief he seeks.”).  In
addition to other requirements, relator must include a statement of facts
supported by citations to “competent evidence included in the appendix or
record,” and must also provide “a clear and concise argument for the
contentions made, with appropriate citations to authorities and to the appendix
or record.”  See generally Tex.
R. App. P. 52.3.  In this regard, it is clear that relator must furnish
an appendix or record sufficient to support the claim for mandamus relief.  In
re Blakeney, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig.
proceeding); see Tex. R. App. P.
52.3(k) (specifying the required contents for the appendix); id. R. 52.7(a)
(specifying the required contents for the record).  Moreover, relator must
certify that he has reviewed the petition and concluded that every factual
statement in the petition is supported by competent evidence included in the
appendix or record.  See id. R. 52.3(j).

The
consideration of a motion that is properly filed and before the court is a
ministerial act.  See State ex rel. Hill v. Court of Appeals for the Fifth
Dist., 34 S.W.3d 924, 927 (Tex. Crim. App. 2001) (orig. proceeding); State
ex rel. Curry v. Gray, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987) (orig. proceeding)
(op. on reh’g).  A trial court is required to consider and rule on a properly
filed and pending motion within a reasonable time.  See In re Blakeney,
254 S.W.3d 659, 663 (Tex. App.—Texarkana 2008, orig. proceeding); In re
Hearn, 137 S.W.3d 681, 685 (Tex. App.—San Antonio 2004, orig. proceeding); In
re Keeter, 134 S.W.3d 250, 252-53 (Tex. App.—Waco 2003, orig. proceeding); In
re Chavez, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding). 
The determination regarding what constitutes a reasonable period of time to
rule to rule on a motion is dependent upon several factors, including the trial
court’s actual knowledge of the motion, its overt refusal to act, the state of
the court’s docket, and the existence of other judicial and administrative
matters which must be addressed first.  See In re Blakeney, 254 S.W.3d at
661; Ex parte Bates, 65 S.W.3d 133 (Tex. App.—Amarillo 2001, orig.
proceeding). 

To
obtain mandamus relief for the refusal to rule, a relator must establish:  (1)
the motion was properly filed and has been pending for a reasonable time; (2)
the relator requested a ruling on the motion; and (3) the trial court refused
to rule.  See In re Sarkissian, 243 S.W.3d 860, 861 (Tex. App.—Waco 2008,
orig. proceeding); In re Hearn, 137 S.W.3d at 685; In re Chavez,
62 S.W.3d at 228.  Showing that a motion was filed with the court clerk does
not constitute proof that the motion was brought to the trial court’s attention
or presented to the trial court with a request for a ruling.  See In re
Davidson, 153 S.W.3d 490, 491 (Tex. App.--Amarillo 2004, orig. proceeding);
In re Hearn, 137 S.W.3d at 685; In re Chavez, 62 S.W.3d at 228.

The
Court, having examined and fully considered the petition for writ of mandamus
and the applicable law, is of the opinion that relator has not met his burden
to obtain mandamus relief.  See State ex rel. Young, 236 S.W.3d at 210. 
Relator has not provided the Court with a record or appendix showing that he
filed the motion with the trial court or asked the trial court to rule on the
motion.  See Tex. R. App. P.
52.7(a)(1) (requiring relator to file with petition a certified or sworn copy
of every document material to relator’s claim for relief and filed in any
underlying proceeding); In re Chavez, 62 S.W.3d at 228.  Moreover, even
if we were to accept relator’s allegations as true, relator has offered no
legal authority or evidence showing that the alleged delay in ruling
constitutes an unreasonable period of time for the trial court to consider the
motion.  And finally, even if we were to agree that relator is entitled to
mandamus relief to compel the trial court to rule on his motion, we would not
direct the trial court to rule on the motion in a certain way.  See State ex
rel. Hill, 34 S.W.3d at 927; In re Blakeney, 254 S.W.3d at 661.

The
Court, having examined and fully considered the petition for writ of mandamus,
is of the opinion that relator has not met his burden to obtain relief. 
Accordingly, the petition for writ of mandamus is DENIED.  See Tex. R. App. P. 52.8.

IT
IS SO ORDERED.    

                                                                                                PER
CURIAM 

 

Do not publish.  Tex. R. App. P. 47.2(b).

 

 

Delivered and filed this the      

18th day of August, 2011.









[1] See Tex. R. App. P. 52.8(d) (“When denying relief, the court may
hand down an opinion but is not required to do so.”); Tex. R. App. P. 47.4 (distinguishing opinions and memorandum
opinions).