

# NUMBERS 13-11-00742-CR AND 13-11-00743-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE RODOLFO RIVERA

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Justices Rodriguez, Vela, and Perkes
### Memorandum Opinion Per Curiam[1]

Relator, Rodolfo Rivera, pro se, filed a petition for writ of mandamus in the above

causes on November 23, 2011.[2]   Relator contends that the trial court has failed to rule on

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

[2] Appellate cause number 13-11-00742-CR arises from trial court cause number 08-CR-2308-B, whereas appellate cause number 13-11-00743-CR arises from trial court cause number 06-CR-2429-B. Both matters originate from proceedings in the 138th District Court of Cameron County, Texas, the Honorable Arturo Cisneros Nelson presiding.  This Court has previously considered and denied similar

his "Motion Nunc Pro Tunc," which relator alleges that he filed on October 10, 2011. Relator contends that the "lack of timely response" in ruling on the motion has prejudiced his ability to present a defense to the charges against him. Relator seeks a writ directing the trial court to rule on his motion.

To be entitled to mandamus relief, relator must establish both that he has no adequate remedy at law to redress his alleged harm, and that what he seeks to compel is a ministerial act not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007). If relator fails to meet both of these requirements, then the petition for writ of mandamus should be denied. *See id.*

It is relator's burden to properly request and show entitlement to mandamus relief. *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). In addition to other requirements, relator must include a statement of facts supported by citations to "competent evidence included in the appendix or record," and must also provide "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record." *See generally* TEX. R. APP. P. 52.3. In this regard, it is clear that relator must furnish an appendix or record sufficient to support the claim for mandamus relief. *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding); s*ee* TEX. R. APP. P.

original proceedings filed by relator. *See In re Rivera*, Nos. 13-11-00666-CR and 13-11-00667-CR, 2011 Tex. App. LEXIS 8346, at **5–6 (Tex. App.—Corpus Christi Oct. 19, 2011, orig. proceeding) (per curiam). The current filings reference these other original proceedings, but appear to be new petitions rather than motions for rehearing. Accordingly, we have docketed these matters separately.

52.3(k) (specifying the required contents for the appendix); *id.* R. 52.7(a) (specifying the required contents for the record). Moreover, relator must certify that he has reviewed the petition and concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record. *See id.* R. 52.3(j).

The consideration of a motion that is properly filed and before the court is a ministerial act. *See State ex rel. Hill v. Court of Appeals for the Fifth Dist.*, 34 S.W.3d 924, 927 (Tex. Crim. App. 2001) (orig. proceeding); *State ex rel. Curry v. Gray*, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987) (orig. proceeding) (op. on reh'g). A trial court is required to consider and rule on a properly filed and pending motion within a reasonable time. *See In re Blakeney*, 254 S.W.3d 659, 663 (Tex. App.—Texarkana 2008, orig. proceeding); *In re Hearn*, 137 S.W.3d 681, 685 (Tex. App.—San Antonio 2004, orig. proceeding); *In re Keeter*, 134 S.W.3d 250, 252-53 (Tex. App.—Waco 2003, orig. proceeding); *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding). The determination regarding what constitutes a reasonable period of time to rule on a motion is dependent upon several factors, including the trial court's actual knowledge of the motion, its overt refusal to act, the state of the court's docket, and the existence of other judicial and administrative matters which must be addressed first. *See In re Blakeney*, 254 S.W.3d at 661; *Ex parte Bates*, 65 S.W.3d 133 (Tex. App.—Amarillo 2001, orig. proceeding).

To obtain mandamus relief for the refusal to rule, a relator must establish: (1) the motion was properly filed and has been pending for a reasonable time; (2) the relator requested a ruling on the motion; and (3) the trial court refused to rule. *See In re*

*Sarkissian*, 243 S.W.3d 860, 861 (Tex. App.—Waco 2008, orig. proceeding); *In re Hearn*, 137 S.W.3d at 685; *In re Chavez*, 62 S.W.3d at 228.   Showing that a motion was filed with the court clerk does not constitute proof that the motion was brought to the trial court's attention or presented to the trial court with a request for a ruling.  *See In re Davidson*, 153 S.W.3d 490, 491 (Tex. App.—Amarillo 2004, orig. proceeding); *In re Hearn*, 137 S.W.3d at 685; *In re Chavez*, 62 S.W.3d at 228.

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that relator has not met his burden to obtain mandamus relief.  *See State ex rel. Young*, 236 S.W.3d at 210.   Relator has not provided the Court with a record or appendix showing that he filed the motion with the trial court or asked the trial court to rule on the motion.  *See* Tex. R. App. P. 52.7(a)(1) (requiring relator to file with petition a certified or sworn copy of every document material to relator's claim for relief and filed in any underlying proceeding); *In re Chavez*, 62 S.W.3d at 228.   Moreover, even if we were to accept relator's allegations as true, relator has offered no legal authority or evidence showing that the alleged delay in ruling constitutes an unreasonable period of time for the trial court to consider the motion.   And finally, even if we were to agree that relator is entitled to mandamus relief to compel the trial court to rule on his motion, we would not direct the trial court to rule on the motion in a certain way.  *See State ex rel. Hill*, 34 S.W.3d at 927; *In re Blakeney*, 254 S.W.3d at 661.

The Court, having examined and fully considered the petition for writ of mandamus, is of the opinion that relator has not met his burden to obtain relief.

Accordingly, the petition for writ of mandamus in these causes is DENIED. *See* TEX. R. APP. P. 52.8.

IT IS SO ORDERED.

PER CURIAM

Do not publish. TEX. R. APP. P. 47.2(b).

Delivered and filed the
28th day of November, 2011.