# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-11-00689-CV

---

**In re Thomas Hollowell**

---

### ORIGINAL PROCEEDING FROM LLANO COUNTY

---

### M E M O R A N D U M   O P I N I O N

Relator Thomas Hollowell filed a *pro se* petition for writ of mandamus asking this Court to "compel action by the trial court on his *Motion for Hearing on Motion for Appointment of Counsel*." *See* Tex. Gov't Code Ann. § 22.221 (West Supp. 2010); *see also* Tex. R. App. P. 52. We construe his petition to be a complaint that the Respondent, the Honorable Guilford L. Jones III, presiding judge of the 33rd Judicial District Court of Llano County, has failed to rule on his motion requesting a hearing on a previously filed motion.[1] We deny the petition.

Mandamus relief is an extraordinary remedy. *In re Southwestern Bell Tel. Co.*, 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding); *In re Braswell*, 310 S.W.3d 165, 166 (Tex. App.—Amarillo 2010, orig. proceeding). To be entitled to mandamus relief in a criminal case, a relator must establish that: (1) he has no other adequate legal remedy to redress the alleged harm, and

---

[1] In his appeal of the trial court's denial of his application for writ of habeas corpus under 11.072 of the Texas Code of Criminal Procedure, Hollowell filed a *Motion for the Appointment of Counsel* and, subsequently, a *Motion for Hearing on Motion for Appointment of Counsel*. We understand this motion requesting a hearing, not the motion requesting the appointment of counsel, to be the motion that is the subject of this proceeding, although at times Hollowell's argument conflates the two motions.

(2) under the relevant facts and law, the act sought to be compelled is purely ministerial, not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding); *State ex rel. Hill v. Court of Appeals for Fifth Dist.*, 34 S.W.3d 924, 927 (Tex. Crim. App. 2001) (orig. proceeding). An act is ministerial if it does not involve the exercise of any discretion and the relator has a clear right to relief. *State ex rel. Hill*, 34 S.W.3d at 927; *In re Daisy*, 156 S.W.3d 922, 924 (Tex. App.—Dallas 2005, orig. proceeding). The relief sought must be clear and indisputable, such that its merits are beyond dispute. *See State ex rel. Hill*, 34 S.W.3d at 927-28; *Daisy*, 156 S.W.3d at 924.

Consideration of a request or motion that is properly filed and before the court is a ministerial act. *State ex rel. Hill*, 34 S.W.3d at 927; *State ex rel. Curry v. Gray*, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987) (orig. proceeding). To obtain mandamus relief for the trial court's refusal to rule on a motion, a relator must establish: (1) the motion was properly filed and has been pending for a reasonable time; (2) the relator requested a ruling on the motion; and (3) the trial court refused to rule.[2] *In re Sarkissian*, 243 S.W.3d 860, 861 (Tex. App.—Waco 2008, orig. proceeding); *In re Hearn*, 137 S.W.3d 681, 685 (Tex. App.—San Antonio 2004, orig. proceeding); *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding).

A relator must show that the trial court received, was aware of, and was asked to rule on the motion. *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig.

---

[2] This is simply a specific application of the general principle that a relator must establish three prerequisites for the issuance of a writ of mandamus: (1) a legal duty by the trial court to act; (2) a demand for performance; and (3) a refusal to act. *See Stoner v. Massey*, 586 S.W.2d 843, 846 (Tex. 1979); *In re Guetersloh*, 326 S.W.3d 737, 740 (Tex. App.—Amarillo 2010, orig. proceeding); *In re Smith*, 263 S.W.3d 93, 96 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding).

proceeding); *In re Villarreal*, 96 S.W.3d 708, 710 (Tex. App.—Amarillo 2003, orig. proceeding). Simply filing the matter with the district clerk is not sufficient to impute knowledge of the pending pleading to the trial court. *Hearn*, 137 S.W.3d at 685; *Chavez*, 62 S.W.3d at 228. Further, merely filing a motion with a trial court clerk is not a request that the trial court rule on the motion. *Hearn*, 137 S.W.3d at 685. Thus, showing that a motion was filed with the court clerk does not constitute proof that the motion was brought to the trial court's attention or presented to the trial court with a request for a ruling. *Blakeney*, 254 S.W.3d at 662; *In re Smith*, 263 S.W.3d 93, 96 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding); *In re Davidson*, 153 S.W.3d 490, 491 (Tex. App.—Amarillo 2004, orig. proceeding). The relator must show that the matter was brought to the attention of the trial court and, further, that the trial court failed or refused to rule. *Hearn*, 137 S.W.3d at 685.

It is relator's burden to properly request and show entitlement to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992); *Davidson*, 153 S.W.3d at 491; *see Villarreal*, 96 S.W.3d at 710 (incarcerated relator acting *pro se* still obligated to abide by pertinent rules of procedure, including satisfying burden of proof); *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) ("Even a *pro se* applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). In this regard, the relator must provide the reviewing court with a record sufficient to establish his right to mandamus relief. *See Walker*, 827 S.W.2d at 837 (Tex. 1992); *Blakeney*, 254 S.W.3d at 661; *see also* Tex. R. App. P. 52.7(A) (relator must file with petition "a certified or sworn copy of every document that

3

is material to the relator's claim for relief and that was filed in any underlying proceeding"), 52.3(k) (specifying the required contents for the appendix), 52.7(a) (specifying the required contents for the record).

Hollowell has failed to provide this Court with a file-stamped copy of his motion or any other documents to show that a properly filed motion is pending before the trial court.[3] Consequently, there is no way for us to determine whether the motion was properly filed or, if it was, the date on which it was received by either the clerk's office or the judge. Even if we assume that the motion was properly filed, Hollowell has not demonstrated that the motion has been brought to the trial court's attention or that the court is aware of the motion. He has failed to provide any correspondence to the district court requesting a ruling on the motion or any other document that shows that he brought the motion to the attention of the trial court. Moreover, Hollowell has failed to provide anything indicating that the trial court has refused to rule on the motion, or failed to rule within a reasonable time.

Absent a showing the trial court is aware of and has been asked to rule on his request, Hollowell has not established entitlement to the extraordinary relief of a writ of mandamus. *See In re Salazar*, No. 03-11-00550-CV, 2011 WL 4507296, at *1 (Tex. App.—Austin Sept. 30, 2011) (mem. op., not designated for publication) (mandamus relief denied because relator failed to provide copy of motion, any correspondence to district court requesting ruling on motion, or anything

---

[3] In support of the petition for writ of mandamus, Hollowell provided an appendix containing a document entitled *Motion for Hearing on Motion for Appointment of Counsel*. However, this document is not file-marked by the district clerk. No other document or record of proceedings is attached to or furnished in support of the petition.

indicating district court refused to rule on motion); *see also In re Crocker*, No. 12-11-00336-CR, 2011 WL 5415712, at *1 (Tex. App.—Tyler Nov. 2, 2011) (mem. op., not designated for publication) (mandamus relief denied because relator failed to provide any documents showing relator brought motion to attention of trial court or that trial court refused to rule or failed to rule within reasonable time); *In re Rivera*, Nos. 13-11-00666-CR, 13-11-00667-CR, 2011 WL 5005496, at *2 (Tex. App.—Corpus Christi Oct. 19, 2011) (mem. op., not designated for publication) (mandamus relief denied because relator failed to provide record or appendix showing that he filed motion with trial court or asked trial court to rule on motion); *In re Stringer*, No. 08-11-00201-CR, 2011 WL 3849442, at *1 (Tex. App.—El Paso Aug. 8, 2011) (mem. op., not designated for publication) (mandamus relief denied because even if appellate court assumed motions properly filed, relator failed to demonstrate motions had been brought to trial court's attention or that court was aware of motions).

Accordingly, we deny Hollowell's petition for writ of mandamus.

_____

Melissa Goodwin, Justice

Before Justices Puryear, Rose and Goodwin

Filed:   January 11, 2011

5