# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-12-00056-CV

**In re Pedro Palomo Lucio**

### ORIGINAL PROCEEDING FROM HAYS COUNTY

### M E M O R A N D U M   O P I N I O N

Relator, Pedro Palomo Lucio, an inmate in the Texas Department of Criminal Justice, Institutional Division, filed a *pro se* petition for writ of mandamus in this Court. *See* Tex. Gov't Code Ann. § 22.221 (West Supp. 2010); *see also* Tex. R. App. P. 52. In the petition, Lucio complains that the Respondent, the Honorable Charles R. Ramsay, presiding judge of the 22nd Judicial District Court of Hays County, has failed to rule on his motion seeking a *nunc pro tunc* judgment. We deny the petition.

Mandamus relief is an extraordinary remedy. *In re Southwestern Bell Tel. Co.*, 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding); *In re Braswell*, 310 S.W.3d 165, 166 (Tex. App.—Amarillo 2010, orig. proceeding). To be entitled to mandamus relief in a criminal case, a relator must establish that: (1) he has no other adequate legal remedy to redress the alleged harm, and (2) under the relevant facts and law, the act sought to be compelled is purely ministerial, not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding); *State ex rel. Hill v. Court of Appeals for Fifth Dist.*, 34 S.W.3d 924, 927 (Tex. Crim. App. 2001) (orig. proceeding). An act

is ministerial if it does not involve the exercise of any discretion and the relator has a clear right to relief. *State ex rel. Hill*, 34 S.W.3d at 927; *In re Daisy*, 156 S.W.3d 922, 924 (Tex. App.—Dallas 2005, orig. proceeding). The relief sought must be clear and indisputable, such that its merits are beyond dispute. *See State ex rel. Hill*, 34 S.W.3d at 927-28; *Daisy*, 156 S.W.3d at 924.

Consideration of a request or motion that is properly filed and before the court is a ministerial act. *State ex rel. Hill*, 34 S.W.3d at 927; *State ex rel. Curry v. Gray*, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987) (orig. proceeding). To obtain mandamus relief for the trial court's refusal to rule on a motion, a relator must establish: (1) the motion was properly filed and has been pending for a reasonable time; (2) the relator requested a ruling on the motion; and (3) the trial court refused to rule.[1] *In re Sarkissian*, 243 S.W.3d 860, 861 (Tex. App.—Waco 2008, orig. proceeding); *In re Hearn*, 137 S.W.3d 681, 685 (Tex. App.—San Antonio 2004, orig. proceeding); *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding). A relator must show that the trial court received, was aware of, and was asked to rule on the motion. *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding); *In re Villarreal*, 96 S.W.3d 708, 710 (Tex. App.—Amarillo 2003, orig. proceeding).

It is relator's burden to properly request and show entitlement to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992); *In re Davidson*, 153 S.W.3d 490, 491 (Tex. App.—Amarillo 2004, orig. proceeding); *see Villarreal*, 96 S.W.3d at 710 (incarcerated relator

---

[1] This is simply a specific application of the general principle that a relator must establish three prerequisites for the issuance of a writ of mandamus: (1) a legal duty by the trial court to act; (2) a demand for performance; and (3) a refusal to act. *See Stoner v. Massey*, 586 S.W.2d 843, 846 (Tex. 1979); *In re Guetersloh*, 326 S.W.3d 737, 740 (Tex. App.—Amarillo 2010, orig. proceeding); *In re Smith*, 263 S.W.3d 93, 96 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding).

acting *pro se* still obligated to abide by pertinent rules of procedure, including satisfying burden of proof); *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) ("Even a *pro se* applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). In this regard, the relator must provide the reviewing court with a record sufficient to establish his right to mandamus relief. *See Walker*, 827 S.W.2d at 837; *Blakeney*, 254 S.W.3d at 661; *see also* Tex. R. App. P. 52.7(A) (relator must file with petition "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding"), 52.3(k) (specifying the required contents for the appendix), 52.7(a) (specifying the required contents for the record).

Lucio has failed to provide this Court with a copy of his motion for *nunc pro tunc* judgment or any other documents to show that a properly filed motion is pending before the trial court. Consequently, there is no way for us to determine whether the motion was properly filed or, if it was, the date on which it was received by either the clerk's office or the judge, much less whether the motion has been pending for an unreasonable amount of time. Even if we assume that the motion was properly filed, Lucio has not demonstrated that the motion has been brought to the trial court's attention or that the court is aware of the motion. He has failed to provide any correspondence to the district court requesting a ruling on the motion or any other document that shows that he brought the motion to the attention of the trial court. Furthermore, Lucio has failed to provide anything indicating that the trial court has refused to rule on the motion, or failed to rule within a reasonable time.

3

Moreover, in his request for a *nunc pro tunc* judgment, Lucio is not seeking to correct a clerical error in the judgment. Rather, based upon the assertions in his petition, he is attacking the validity of his punishment and is seeking to modify his sentence. Such a complaint is not properly raised in a motion for *nunc pro tunc* judgment or petition for writ of mandamus. Lucio's claim alleging an illegal sentence is properly raised in an article 11.07 application for writ of habeas corpus. *See* Tex. Code Crim. Proc. Ann. art. 11.07 (West Supp. 2010).

However, article 11.07 vests complete jurisdiction over post-conviction relief from final felony convictions in the Texas Court of Criminal Appeals. *See id.* §§ 3, 5; *Board of Pardons & Paroles ex rel. Keene v. Court of Appeals for Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995); *In re Watson*, 253 S.W.3d 319, 320 (Tex. App.—Amarillo 2008, orig. proceeding). The courts of appeals have no role in criminal law matters pertaining to proceedings under article 11.07. *In re Briscoe*, 20 S.W.3d 196 (Tex. App.—Houston [14th Dist.] 2006, orig. proceeding); *In re McAfee*, 53 S.W.3d 715, 718 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding). Thus, Lucio must challenge the legality of his sentence in a habeas corpus proceeding in the Court of Criminal Appeals.

For the above reasons, we deny Lucio's petition for writ of mandamus.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Pemberton and Rose

Filed: February 23, 2012