In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-16-00089-CR
_____

IN RE CHAD ALLEN PIERCE

Original Proceeding
252nd District Court of Jefferson County, Texas
Trial Cause Nos. 87498, 87499, 87500

MEMORANDUM OPINION

Relator Chad Allen Pierce filed a *pro se* petition for writ of mandamus, in which he contends he is seeking to obtain specific enforcement of a plea bargain agreement. Pierce asserts that in his three underlying cases, he entered into a plea bargain with the State, in which he agreed to plead guilty in return for a sentence of eighteen months of confinement in a state jail facility in each of the three cases, and the sentences were to run concurrently. Relator contends that he was initially sentenced in accordance with the plea bargain agreement, but after a motion for judgment *nunc pro tunc* was filed, he was subsequently re-sentenced to a term of

1

twenty years of imprisonment on each case, and that the trial court ordered the sentences to run consecutively. Pierce filed a direct appeal from his convictions, and this court dismissed his appeal because the trial Court entered a certification of Pierce's right to appeal, in which it certified that the cases were plea-bargain cases and Pierce had no right of appeal. *Pierce v. State*, Nos. 09-04-440 CR, 09-04-441 CR, 09-04-442 CR, 2004 WL 2672238, at *1 (Tex. App.—Beaumont Nov. 24, 2004, no pet.) (not designated for publication).

A writ of mandamus is an extraordinary remedy that will issue only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy by law. *Walker v. Packer*, 827 S.W.2d 833, 840-44 (Tex. 1992). If the alleged error is reviewable via a habeas corpus proceeding, then a legal remedy is available and mandamus will not lie. *See* Tex. Code Crim. Proc. Ann. art. 11.07 (West 2015); *Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991).

Pierce has not demonstrated that he is clearly entitled to mandamus relief from this Court. *See State ex rel. Hill v. Court of Appeals for the Fifth Dist.*, 34 S.W.3d 924, 927 (Tex. Crim. App. 2001) (To demonstrate entitlement to a writ of mandamus, a relator must establish that the trial court failed to perform a ministerial duty, and that relator has no other adequate legal remedy.); *see also* Tex. Code Crim.

2

Proc. Ann. art. 11.07; *Ater*, 802 S.W.2d at 243. Accordingly, we deny relief on the petition for writ of mandamus.

PETITION DENIED.

PER CURIAM

Submitted on April 12, 2016
Opinion Delivered April 13, 2016
Do Not Publish

Before Kreger, Horton, and Johnson, JJ.