In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-04-371 CV


____________________



IN RE TODD ALTSCHUL






Original Proceeding
 





OPINION ON REHEARING


 The motion for rehearing filed by the real party in interest on September 17, 2004, is
GRANTED. Our opinion of August 31, 2004, is withdrawn, and this opinion is substituted. 

 Todd Altschul petitioned the Court for a writ of mandamus to compel the judge
presiding in the Criminal District Court to order the Texas Department of Criminal Justice
to release a $12,999.99 hold on Altschul's Inmate Trust Fund account. His motion to the trial
court avers that the forgery indictment in Cause No. 85542 was dismissed because he was
the victim of identity theft. The relator does not mention the outcome of another indictment,
Cause No. 85541, which is also mentioned in the attachments to the petition, nor does he
supply supporting documentation to support the factual assertion that the indictment was
dismissed due to insufficient evidence. The motion supposedly filed with the trial court does
not bear the District Clerk's file mark. 

 The appellant's petition for writ of mandamus was mailed to the Court in the same
envelope as a document that purports to be the State's response to the petition for writ of
mandamus. On September 7, 2004, the State filed a motion to impose sanctions on the
appellant because the document is a forgery. In response, Altschul argues that the State has
not proved that he filed the false document. Altschul does not disavow having personally
filed the document that accompanied it, namely, the petition for writ of mandamus. 

 We may grant mandamus relief if relator demonstrates that the act sought to be
compelled is purely ministerial under the relevant facts and law, and that relator has no other
adequate legal remedy. State ex. rel. Hill v. Court of Appeals for the Fifth District, 34
S.W.3d 924, 927 (Tex. Crim. App. 2001). An act is "ministerial" if it does not involve the
exercise of any discretion or the relator's entitlement to the relief sought is clear and
indisputable such that its merits are beyond dispute. Id. at 927-28. In this case, the relator
has not shown that the trial court refused to consider a duly filed and presented motion.

 On motion of a party or on our own initiative, we may impose just sanctions on a
party who is not acting in good faith. Tex. R. App. P. 52.11. We find that Altschul submitted
a document to the Court that was clearly misleading, as it purported to be a document
prepared by an attorney for the State Prosecution Unit when it in fact was not submitted by
the State. We conclude that the relator filed a petition that was groundless and frivolous, that
he grossly misstated or omitted an obviously important and material fact, and that he filed
an appendix or record that is clearly misleading. Id. 

 The petition for writ of mandamus is therefore denied. Because Altschul has not acted
in good faith, we grant the State's motion for sanctions. We order Todd Altschul to pay the
filing fee for the petition for writ of mandamus. We further order Todd Altschul to pay all
costs incurred by the State in this proceeding. We direct the Clerk of the Court of Appeals
to forward the cost bill to the Texas Department of Criminal Justice, Correctional Institutions
Division, with directions to withdraw the amount of the costs from the Todd Altschul's
Inmate Trust Fund account. We further order Todd Altschul to cease and desist from filing
frivolous motions and pleadings in this court. Failure to comply with this court's order shall
be punishable as contempt of court.

 WRIT DENIED; SANCTIONS IMPOSED.

 PER CURIAM


Opinion Delivered September 30, 2004 

Before McKeithen, C.J., Burgess and Gaultney, JJ.