# NOS. 12-17-00367-CR
## 12-17-00368-CR
## 12-17-00369-CR


# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS


| | | |
|---|---|---|
| *IN RE:* | § | |
| *MICHAEL A. KENNEDY,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

### *MEMORANDUM OPINION*
### *PER CURIAM*

Michael A. Kennedy has filed three original proceedings with this Court. In cause number 12-17-00367-CR, pertaining to trial court cause number 19061, he contends he received no notice of trial. In cause number 12-17-00368-CR, pertaining to trial court cause number 18,349, he complains that he was denied time to prepare for trial and that his conviction was affirmed without a judgment or sentence. In cause number 12-17-00369-CR, pertaining to trial court cause number 29326, he complains he was convicted without a charging instrument, arraignment, notice of trial date, or offense date. Relator threatens to file "millions of writs" with this Court.

On November 27, 2017, regarding cause numbers 12-17-00368-CR and 12-17-00369-CR, we notified Relator that his petitions failed to comply with Texas Rules of Appellate Procedure 52.3 and 52.7. We informed Appellant that the proceeding would be referred to the Court for dismissal unless he provided a corrected, amended petition on or before December 11. In cause number 12-17-00367-CR, we notified Relator that his petitioned failed to comply with Rules 52.3 and 52.7, and gave Relator until December 7 to file an amended petition. We

received what appeared to be supplemental petitions, which again failed to comply with Rules 52.3 and 52.7.

Additionally, Relator's petitions do not contain "clear and concise arguments" or "appropriate citations to authorities" required by the rules of appellate procedure. *See* Tex. R. App. P. 52.3(h). Relator's repeated filing of such frivolous proceedings wastes scarce judicial and fiscal resources. *See **Ex parte Jones***, 97 S.W.3d 586, 588 (Tex. Crim. App. 2003); *see also **In re Lucas***, No. 09-14-00106-CR, 2014 WL 1285396 (Tex. App.—Beaumont Mar. 26, 2014, orig. proceeding) (mem. op., not designated for publication). In fact, on February 15, 2017, the Texas Court of Criminal Appeals issued an abuse of writ order against Relator, in which it found that he (1) "continues to raise issues that have been presented and rejected in previous applications or that should have been presented in previous applications[,]" and (2) "[b]ecause of his repetitive claims, … Applicant's claims are barred from review under Article 11.07, § 4, and are waived and abandoned by his abuse of the writ." ***Ex Parte Kennedy***, No. WR-75,385-24 (Tex. Crim. App. Feb. 15, 2017). Although the rules of appellate procedure allow an appellate court to impose just sanctions on a party who is not acting in good faith as indicated by (1) filing a petition that is clearly groundless; (2) grossly misstating or omitting an obviously important and material fact in the petition or response; or (3) filing an appendix or record that is clearly misleading because of the omission of obviously important and material evidence or documents, this Court has declined to impose such sanctions on Relator as of this date. Tex. R. App. P. 52.11; *see also **In re Altschul***, 146 S.W.3d 754, 755 (Tex. App.—Beaumont 2004, orig. proceeding).

We recognize Relator's contentions that he was improperly convicted for various reasons and his dissatisfaction with both the trial and appellate proceedings that occurred regarding his convictions. However, Relator's convictions are final. *See **Kennedy v. State***, No. 12–11–00041–CR, 2012 WL 3201924, at *8 (Tex. App.–Tyler Aug. 8, 2012, pet. ref'd) (mem. op., not designated for publication) (affirming judgment on punishment in cause number 29326); *see also **Kennedy v. State***, No. 12–08–00246–CR, 2009 WL 4829989, at *3–4 (Tex. App.–Tyler Dec. 16, 2009, pet. stricken) (mem. op., not designated for publication) (affirming judgment of conviction in cause number 29326); ***Kennedy v. State***, No. 12–86–00248–CR (Tex. App.–Tyler Feb. 25, 1988, no pet.) (not designated for publication) (affirming conviction in cause number 19061); ***Kennedy v. State***, 12–84–00138–CR (Tex. App–Tyler Apr. 18, 1985, no pet.) (not

2

designated for publication) (affirming conviction in cause number 18,349). As this Court has explained to Relator in numerous previous proceedings, Article 11.07 is the only procedure available to an applicant seeking relief from a felony judgment imposing a penalty other than death. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 §§ 1, 5 (West 2005). Thus, due to a lack of jurisdiction conferred upon us by the Legislature, we simply cannot address Relator's complaints. *See Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991); *see also In re McAfee*, 53 S.W.3d 715, 718 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding).

Accordingly, for all the above reasons, we **deny** the petitions for writ of mandamus. All pending motions are **overruled** as **moot**.[1]

Opinion delivered December 21, 2017.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

---

[1] One such motion is a motion to recuse the justices of this Court. Relator has filed multiple such motions in recent months. He claims to have filed a civil lawsuit against this Court in Anderson County. We first note that Relator's motion fails to comply with the applicable rule regarding the contents of motions to recuse. *See* TEX. R. CIV. P. 18a. Additionally, the clerk of this Court contacted Anderson County and has been unable to verify that a pending lawsuit exists. Even so, the applicable rules governing recusal apply to judges in which the case is pending. *See* TEX. R. APP. P. 16.3. Until an appeal from a lawsuit is properly pending before this Court, there is nothing from which the Court may recuse itself. *See id*.

3



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**DECEMBER 21, 2017**

**NO. 12-17-00367-CR**

**MICHAEL A. KENNEDY,**
Relator

---

### ORIGINAL PROCEEDING

---

ON THIS DAY came to be heard the petition for writ of mandamus filed by Michael A. Kennedy; who is the relator in Cause No. 19061. Said petition for writ of mandamus having been filed herein on November 27, 2017, and the same having been duly considered, because it is the opinion of this Court that the writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **denied**.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

DECEMBER 21, 2017

NO. 12-17-00368-CR

**MICHAEL A. KENNEDY,**
Relator

### ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by Michael A. Kennedy; who is the relator in Cause No. 18349. Said petition for writ of mandamus having been filed herein on November 27, 2017, and the same having been duly considered, because it is the opinion of this Court that the writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **denied**.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

DECEMBER 21, 2017

NO. 12-17-00369-CR

**MICHAEL A. KENNEDY,**
Relator

### ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by Michael A. Kennedy; who is the relator in Cause No. 29326. Said petition for writ of mandamus having been filed herein on November 27, 2017, and the same having been duly considered, because it is the opinion of this Court that the writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **denied**.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*