# NOS. 12-22-00262-CR
# 12-22-00263-CR
# 12-22-00264-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *TRACY RAY GIBSON,* *APPELLANT* | § | *APPEALS FROM THE 145TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *NACOGDOCHES COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

These appeals are being dismissed for want of jurisdiction. In 2016, the court of criminal appeals granted habeas relief to Tracy Ray Gibson because he pleaded guilty without a full understanding of the applicable facts and law. *See Ex parte Gibson*, WR-68,962-01, 2016 WL 8715906 (Tex. Crim. App. Jan. 13, 2016) (per curiam) (not designated for publication). The court remanded to the trial court so that Appellant could answer to the charges as alleged in the indictment. *See id*. Sentence was subsequently imposed in trial court cause numbers F149622007, F149632007, and F149642007 on April 5, 2016. Appellant did not timely appeal. *See Gibson v. State*, No. 12-16-00267-CR, 12-16-00268-CR, 12-16-00269-CR, 2016 WL 5930157 (Tex. App.—Tyler Oct. 12, 2016, pet. ref'd) (per curiam) (mem. op., not designated for publication).

On September 21, 2022, Appellant filed a pro se notice of appeal regarding the three trial court cause numbers.[1] On October 12, this Court notified Appellant that the information

---

[1] This is not Appellant's first attempt at perfecting an untimely appeal from the three 2016 judgments. *See Gibson v. State*, Nos. 12-21-00105-CR, 12-21-00106-CR, 12-21-00107-CR, 2021 WL 3265551 (Tex. App.—Tyler

received failed to show the jurisdiction of the Court, i.e., there is no notice of appeal filed within the time allowed by the rules of appellate procedure and no timely motion for an extension of time to file same. We informed Appellant that the appeal would be dismissed unless the information was amended on or before October 24 to show this Court's jurisdiction. On November 3, Appellant filed a response, which fails to demonstrate the jurisdiction of this Court.

Under the rules of appellate procedure, a notice of appeal must be filed within thirty days after the sentence is imposed or suspended in open court, or after the day the trial court enters an appealable order, or within ninety days after the sentence is imposed or suspended in open court if the defendant timely files a motion for new trial. *See* TEX. R. APP. P. 26.2(a). Rule 26.3 provides that a motion to extend the time for filing a notice of appeal must be filed within fifteen days after the deadline for filing the notice of appeal. TEX. R. APP. P. 26.3. Here, Appellant filed his notice of appeal on September 21, 2022, long after the time for filing a notice of appeal under Rule 26.2(a) or for seeking a motion to extend under Rule 26.3 with respect to the 2016 judgments. Nor does Appellant direct this Court to any appealable order over which we may exercise jurisdiction.

"[I]n Texas, appeals by either the State or the defendant in a criminal case are permitted only when they are specifically authorized by statute." *State ex rel. Lykos v. Fine*, 330 S.W.3d 904, 915 (Tex. Crim. App. 2011). This Court is not authorized to extend the time for perfecting an appeal except as provided by the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 26.2, 26.3; *see also Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Accordingly, we *dismiss* Appellant's appeals for *want of jurisdiction*. *See* TEX. R. APP. P. 43.2(f).

Opinion delivered November 17, 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

July 30, 2021, no pet.) (per curiam) (mem. op., not designated for publication); *see also Gibson v. State*, Nos. 12-17-00146-CR, 12-17-00147-CR, 12-17-00148-CR, 2017 WL 2822516 (Tex. App.—Tyler June 30, 2017, no pet.) (per curiam) (mem. op., not designated for publication). Appellant's repeated filing of such frivolous proceedings wastes scarce judicial and fiscal resources. *See Ex parte Jones*, 97 S.W.3d 586, 588 (Tex. Crim. App. 2003); *see also In re Lucas*, No. 09–14–00106–CR, 2014 WL 1285396 (Tex. App.–Beaumont Mar. 26, 2014, orig. proceeding) (mem. op., not designated for publication). Further filings of this nature could be considered an abuse of the judicial process for which Appellant could be sanctioned. *See In re Schmotzer*, No. 10–15–00433–CR, 2015 WL 9462178, at *1 (Tex. App.–Waco Dec. 23, 2015, orig. proceeding) (mem. op., not designated for publication); *see also In re Altschul*, 146 S.W.3d 754, 755 (Tex. App.–Beaumont 2004, orig. proceeding) (ordering relator to pay filing fee and costs incurred by the State and directing appellate court clerk to forward cost bill to the Texas Department of Criminal Justice with directions to withdraw the amount of costs from relator's inmate trust account).



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**NOVEMBER 17, 2022**

**NO. 12-22-00262-CR**

**TRACY RAY GIBSON,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

_____

Appeal from the 145th District Court

of Nacogdoches County, Texas (Tr.Ct.No. F149622007)

_____

THIS CAUSE came on to be heard on the appellate record, and the same being considered, it is the opinion of this Court that the appeal should be dismissed for want of jurisdiction.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that this appeal be, and the same is, hereby **dismissed for want of jurisdiction**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**NOVEMBER 17, 2022**

**NO. 12-22-00263-CR**

**TRACY RAY GIBSON,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 145th District Court

of Nacogdoches County, Texas (Tr.Ct.No. F149632007)

---

THIS CAUSE came on to be heard on the appellate record, and the same being considered, it is the opinion of this Court that the appeal should be dismissed for want of jurisdiction.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that this appeal be, and the same is, hereby **dismissed for want of jurisdiction**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**NOVEMBER 17, 2022**

**NO. 12-22-00264-CR**

**TRACY RAY GIBSON,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 145th District Court

of Nacogdoches County, Texas (Tr.Ct.No. F149642007)

THIS CAUSE came on to be heard on the appellate record, and the same being considered, it is the opinion of this Court that the appeal should be dismissed for want of jurisdiction.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that this appeal be, and the same is, hereby **dismissed for want of jurisdiction**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*